**UNITED STATES of America,
Appellee,**

v.

**Harold BEVERHOUDT, Appellant.**

**Docket 32088.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 24, 1970.

Decided July 21, 1970.

Harold Beverhoudt, Pro se.

Before LUMBARD, Chief Judge, ANDERSON, Circuit Judge, and CROAKE, District Judge.*

LUMBARD, Chief Judge:

This is a motion to reinstate the appeal from conviction of an incarcerated federal prisoner, Harold Beverhoudt, who claims in a motion submitted *pro se* that his appeal was dismissed by this court without his knowledge because his retained counsel failed to take any action to prosecute it. For the reasons set forth below, we reinstate the appeal and assign counsel to represent Beverhoudt under the Criminal Justice Act.

Beverhoudt was convicted in 1967 by a jury in the Southern District of New York on all three counts of an indictment which charged sales of cocaine to a government agent in violation of 26 U.S.C. §§ 4705(a) and 7237(b) and criminal possession of marijuana in violation of 21 U.S.C. § 176a. He was sentenced by the district court, Lloyd F. MacMahon, Judge, to terms of six years to be served concurrently.

Beverhoudt was represented at trial by an experienced attorney whose representation he does not question. After the verdict, he sought new counsel to move for bail pending appeal and to represent him on appeal. Through his

---

* Of the Southern District of New York, sitting by designation.

wife, with whom he was then still in contact, he retained Edmund A. Rosner, who filed a timely notice of appeal on May 12, 1967, which he signed "Edmund A. Rosner, Attorney for defendant."

From affidavits and copies of correspondence which we have received from Rosner and Beverhoudt, we understand the following. It was agreed between Beverhoudt's wife and Rosner that Rosner's fee would be $3,500 plus funds to cover the costs of the trial transcript and court fees. Rosner received an initial payment of $800, of which $200 was to purchase the transcript and $600 was in part payment of the fee.

During the next few months, Rosner's only direct contact with Beverhoudt was one visit to the Federal Detention Headquarters in Manhattan and one letter, dated August 11, 1967, in which Rosner expressed considerable optimism that grounds for reversal existed.

In October 1967, Beverhoudt wrote to Rosner, noting that he knew his motion for bail pending appeal had been denied and asking Rosner for any other information concerning the progress of his appeal. It is clear that Beverhoudt was unaware of any action that had been taken, or would be taken on his appeal because he was no longer in communication with his wife. To this and several other letters which Beverhoudt claims he wrote, Rosner never responded. Similarly, Rosner never responded to Beverhoudt's continued requests to obtain the trial transcript which Beverhoudt said he needed to prepare a *pro se* application for commutation of sentence.

In 1968, both before and after the appeal was dismissed, Rosner made no contact with his client. Nevertheless, Beverhoudt had no reason to suspect, other than by Rosner's lack of response, that his right to appeal was in jeopardy.

According to our court records, Rosner did not take a single step to docket the district court record or otherwise to perfect the appeal in this court. On February 9, 1968 the government moved to dismiss the appeal, serving Rosner with a copy of the motion as he was the attorney of record in this court. Rosner filed no opposition to the motion to dismiss and the clerk of this court entered an order dismissing the appeal pursuant to our local rules then in effect.[1]

Finally on April 21, 1969, two weeks after his last unanswered letter to Rosner and more than a year after the appeal had been dismissed, Beverhoudt was informed by the clerk of the district court that this court had dismissed the appeal for lack of prosecution. Beverhoudt then wrote to the Committee on Grievances of the Association of the Bar of the City of New York, complaining that he had lost his right to appeal and that he had never been given his trial transcript, which was still in Rosner's possession.

The Committee requested that Rosner return the transcript to Beverhoudt and that he respond in writing to the complaint. Rosner wrote to the Committee on June 3, 1969. He stated that Mrs. Beverhoudt had visited him after the denial of bail pending appeal. At that time, he said, he expressed his view that an appeal would be fruitless because, even were this court to reverse convictions on one or two of the counts on which Beverhoudt received concurrent sentences, the affirmance as to any remaining count would preclude any real effect on the sentence Beverhoudt would have to serve. Mrs. Beverhoudt allegedly considered his advice, later returned

---

1. Under rule 14(c) of this court, in effect in 1967, if an appellant failed to perfect an appeal by timely docketing the action, any appellee could "have the action dismissed by the clerk of this court upon producing a certificate from the clerk of [the] court * * * [below], certifying that such appeal has been duly taken or allowed, and proof that 4 days' notice in writing has been served on the appellant or his attorney that application will be made to the clerk of this court for such dismissal." No action dismissed under the rule was to be reinstated except in the discretion of the court upon a showing of excusable neglect or causes beyond the control of the party.

to thank him for his frankness, and agreed to drop the appeal.

Rosner also stated that he agreed with Mrs. Beverhoudt that he would keep the $600 he had already been paid and that he considered the matter closed. We note, however, that he never sought Beverhoudt's acquiescence nor informed him of this purported understanding, even though Rosner knew, or should have known from letters he received, that Beverhoudt did not know his wife's whereabouts, that he was not in communication with her, and therefore that he could not rely on her to act as an agent or liaison.

After Rosner submitted his letter to the Committee and sent a copy of the trial transcript to Beverhoudt several months later, Beverhoudt undertook to regain his right to appeal. In December 1969 he wrote to Judge MacMahon, outlining his position and asking for assistance. Judge MacMahon referred the letter to this court and, after further correspondence with Beverhoudt, we treated his letter as a *pro se* motion to reinstate his appeal.

At the request of this court, Rosner submitted an affidavit which we note is virtually identical to the letter which he sent to the Committee on Grievances and does not address itself to his failure to inform Beverhoudt over an 18 month period either that he planned to take no action on the appeal or that it had been dismissed in February 1968.

There are basic minimum obligations which appear to have been ignored here. Under § 4(b) of our local rules supplementing the Federal Rules of Appellate Procedure,[2] once Rosner filed a notice of appeal after conviction and thereby became the attorney of record for the appeal, he was obligated to represent Beverhoudt until he was relieved by this court or until the appeal had been considered and determined.

Under these circumstances, we reinstate the appeal and, based on an affidavit of indigency which Beverhoudt has submitted, in a separate order we assign counsel under the Criminal Justice Act. In due course we shall take appropriate action with respect to the conduct of counsel.

---

2. Section 4(b) of this court's rules, supplementing the Federal Rules of Appellate Procedure, reads in relevant part:

"(c) Any counsel wishing to be relieved on appeal shall, before moving to that end, advise the defendant that he must promptly obtain other counsel unless he desires to proceed pro se and that if he is financially unable to obtain counsel, a lawyer may be appointed by this court under the Criminal Justice Act. * * *

"(d) A motion to withdraw as counsel on appeal in a criminal case must state the reasons for such relief and must be accompanied by one of the following:

(1) A showing that new counsel has been retained or appointed to represent defendant; or

(2) The defendant's completed application for appointment of counsel under the Criminal Justice Act or a showing that such application has already been filed in the Court of Appeals; or

(3) An affidavit or signed statement from the defendant showing that he has been advised that he may retain new counsel or apply for appointment of counsel and expressly stating that he does not wish to be represented by counsel but elects to appear pro se; or

(4) An affidavit or signed statement from the defendant showing that he has been advised of his rights with regard to the appeal and expressly stating that he elects to withdraw his appeal; * * *."