UNITED STATES of America, Appellee,

v.

Luis Alberto ZULUAGA,
et al., Defendants,

Miguel Cintron Rodriguez,
Defendant–Appellant.

No. 1800, Docket 92–1760.

United States Court of Appeals,
Second Circuit.

Argued July 13, 1993.

Decided Aug. 9, 1993.

Elizabeth A. Lesser, Asst. U.S. Atty., E.D.N.Y. Brooklyn, NY (Zachary W. Carter, U.S. Atty. and Emily Berger, Asst. U.S. Atty., E.D.N.Y., of counsel), for appellee.

Jon M. Silveri, New York City, for defendant-appellant.

Miguel Cintron Rodriguez, pro se.

Before: MAHONEY, McLAUGHLIN, and JACOBS, Circuit Judges.

PER CURIAM:

Defendant-appellant Miguel Cintron Rodriguez appeals from a judgment of conviction entered October 26, 1992 in the United States District Court for the Eastern District of New York, Jack B. Weinstein, *Judge*, following his conviction by a jury of (1) conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1988), and (2) attempt to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (1988). Rodriguez was sentenced to 136 months imprisonment, five years supervised release, and a $50 special assessment. Rodriguez is currently serving this sentence.

Rodriguez' conviction was predicated on his role in a transaction for the sale of cocaine organized by the government as an undercover sting operation. The operation was primarily arranged by Ramon DeSaint Germain, a confidential informant cooperating with the government, and German Blanco, a special agent of the Drug Enforcement Administration posing as a narcotics dealer. Rodriguez and his codefendants were apprehended following their meeting with Germain and Blanco at a restaurant in Queens, New York in the late evening and early morning hours of July 24–25, 1992. The purpose of this meeting was to consummate a scheduled sale of cocaine. At trial, Rodriguez maintained that he was a bystander at this meeting, having merely been present and not having actively participated in the drug transaction.

On appeal, counsel for Rodriguez maintains that the trial court abused its discretion in refusing to admit into evidence, under Fed.R.Evid. 804(b)(3),[1] codefendant Luis Alberto Zuluaga's purported exculpation of Rodriguez, set forth in Zuluaga's plea allocution taken by the district court upon Zuluaga's prior guilty plea to counts of the same indictment that charged Rodriguez.[2] The district court refused a request by the defense at trial to admit the statement on the ground that it did not bear sufficient indicia of reliability. *See, e.g., United States v. DeVillio*, 983 F.2d 1185, 1189–90 (2d Cir.1993) (discussing requirements for admission of evidence offered to exculpate accused proponent · of evidence under Fed.R.Evid. 804(b)(3)). Because we direct that new counsel be appointed pursuant to the Criminal Justice Act· to rebrief and reargue this appeal, we do not address the merits of counsel's argument on this issue.

Attorney Jon M. Silveri, who had been privately retained to represent Rodriguez at trial, did not take an appeal from Rodriguez' conviction within ten days, as prescribed by Fed.R.App.P. 4(b). Rather, on December 14, 1992, seven weeks after final judgment was entered, Rodriguez filed a *pro se* notice of appeal and a motion for leave to file the notice of appeal out of time. He also filed a motion for *in forma pauperis* status and for appointment of appellate counsel. The government did not oppose these motions. On December 17, 1992, Judge Weinstein: (1) ordered the clerk of the district court to file the notice of appeal on behalf of Rodriguez; (2) granted the motion for *in forma pauperis* status; and (3) granted the motion for extension of time to file the appeal.

---

1. Rule 804(b)(3) provides:

    (b) *Hearsay exceptions*. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:

    . . . .

    (3) *Statement against interest*. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

2. Zuluaga stated during the allocution that "[Rodriguez] was giving me a ride. He was at the table with us. He drove me around because I didn't know the city." Zuluaga added that he had intended to pay Rodriguez for driving him "places."

A copy of the notice of appeal was transmitted to this court on December 29, 1992. *See* Fed.R.App.P. 3(d). A scheduling order was then entered directing Silveri to file the record on appeal by January 13, 1993, and to file a brief and appendix on behalf of Rodriguez by February 12, 1993. On January 27, 1993, Judge Weinstein denied Rodriguez' motion for new counsel and directed that Rodriguez make any application for a substitution of counsel to this court. The same day, following Silveri's failure to timely file the record on appeal in accordance with the scheduling order, this court directed him to file it within ten days. Silveri eventually filed the record on April 29, 1993.

In a letter to Silveri dated February 5, 1993 Rodriguez requested that Silveri withdraw from representing him on appeal. Rodriguez expressed dissatisfaction with Silveri's failure to: (1) file a notice of appeal on his behalf; (2) provide him with a copy of his presentence investigation report prior to the sentencing hearing; and (3) communicate with him (including Silveri's refusal to accept Rodriguez' collect telephone calls).

Silveri moved to be relieved as counsel on March 3, 1993. He maintained that Rodriguez was dissatisfied with his services and was without funds, and that communication between Rodriguez and him had ceased. The motion was not decided, however, but was instead returned to Silveri because of his failure to include, *inter alia,* proof of service upon Rodriguez, an affidavit by Rodriguez in support of the motion, and other required documentation. To date, Silveri has not re-submitted the motion in proper form.

On March 18, 1993, Rodriguez' appeal was dismissed for failure to comply with the scheduling order. On the same day, Silveri was directed by a letter from this court either to file the record, brief, and appendix, together with a motion for reinstatement of the appeal, or a stipulation withdrawing the appeal within twenty days. The appeal was then reinstated upon motion by Silveri following the filing of the record, brief, and appendix.

On May 14, 1993, Rodriguez tendered a *pro se* motion alleging ineffective assistance of counsel and seeking the appointment of substitute counsel. The motion was not filed, however, but was forwarded to attorney Silveri with instructions to respond to the motion and provide a copy of the response to the court. It does not appear that Silveri complied with this directive. Further, on June 30, 1993, Rodriguez' attempted to file, via a family member, another *pro se* motion that reiterated his dissatisfaction with Silveri's representation and requested "any relief the court deems proper."

Silveri applied to submit the appeal without oral argument, but this court directed that oral argument be conducted. At oral argument, Silveri represented that Rodriguez was aware that Silveri was arguing the appeal on behalf of Rodriguez, and that Rodriguez' wife was present in the courtroom. Silveri professed to be unaware of Rodriguez' June 30 application to this court, but stated that he would have no objection to being relieved as counsel to Rodriguez.

The pertinent rule of this court provides: "When a defendant convicted following trial wishes to appeal, trial counsel, whether retained or appointed by the district court, is responsible for representing the defendant until relieved by the Court of Appeals." 2d Cir.R. 4(b)(a); *see also* Revised Second Circuit Plan to Expedite the Processing of Criminal Appeals (7)–(8) (same). Further, Rule 4(b)(d) provides that a motion to withdraw as counsel must be accompanied by one of the following:

1. A showing that new counsel has been retained or appointed to represent [the] defendant; or

2. The defendant's completed application for the appointment of counsel under the Criminal Justice Act or a showing that such application has already been filed in the Court of Appeals; or

3. An affidavit or signed statement from the defendant showing that the defendant has been advised that the defendant may retain new counsel or apply for appointment of counsel and expressly stating that the defendant does not wish to be represented by counsel but elects to appear pro se; or

4. An affidavit or signed statement from the defendant showing that the defendant has been advised of the defen-

dant's rights with regard to the appeal and expressly stating that the defendant elects to withdraw the defendant's appeal; or

5. A showing that exceptional circumstances prevent counsel from meeting any of the requirements stated in subdivisions (1) to (4) above.

As is evident, counsel in this case has sought to withdraw from representing Rodriguez without successfully complying with any of these alternatives. It is equally evident that Rodriguez has diligently sought to exercise his prerogative to be relieved of Silveri's continued representation on this appeal. *See 520 East 72nd Commercial Corp. v. 520 East 72nd Owners Corp.*, 691 F.Supp. 728, 738 (S.D.N.Y.1988) ("A client has an absolute right to terminate the attorney-client relationship and discharge the attorney at any time, with or without cause.") (citing *Demov, Morris, Levin & Shein v. Glantz*, 53 N.Y.2d 553, 555–56, 428 N.E.2d 387, 389, 444 N.Y.S.2d 55, 57 (1981)), *aff'd mem.*, 872 F.2d 1021 (2d Cir.1989); *see also Kashefi–Zihagh v. INS*, 791 F.2d 708, 711 (9th Cir.1986) (same) (citing *United States v. Thomas*, 450 F.2d 1355, 1356 (D.C.Cir.1971) (per curiam)); *cf. United States v. Monsanto*, 836 F.2d 74, 80 (2d Cir.1987) ("It is clear that the sixth amendment right to counsel includes a right to privately retained counsel of choice.") (citing *United States v. Curcio*, 694 F.2d 14, 22–23 (2d Cir.1982)), *vacated on other grounds on rehearing in banc*, 852 F.2d 1400 (2d Cir.1988), *rev'd*, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989). Moreover, while the presence of Rodriguez' spouse at oral argument may indicate awareness on the part of Rodriguez that, despite his strenuous efforts to the contrary, Silveri has indeed prosecuted his appeal on the merits, it begs the question whether Rodriguez consented to appellate representation by his current counsel. Finally, we note that the brief on appeal ultimately filed by Silveri consists of thirteen pages and fails to cite a single case.

The district court granted Rodriguez' motion to proceed *in forma pauperis*, implicitly finding that Rodriguez was unable to afford retained counsel. We accept this finding. *See* 2d Cir.R. 4(b)(b) ("this court may accept the District Court's finding that the defendant is financially unable to employ counsel and no further proof of the defendant's indigency need be submitted unless specifically required"). Consequently, in light of Rodriguez' indigent status and the circumstances attendant upon this appeal, prudence and fairness require that new counsel be appointed to represent Rodriguez on this appeal pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A (1988). *See id.* § 3006A(c) ("If at any stage of the proceedings, including an appeal, the . . . court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel . . . as the interests of justice may dictate."); *United States v. Beverhoudt*, 430 F.2d 141, 142–43 (2d Cir.1970) (reinstating appeal and substituting appointed counsel where retained attorney failed, *inter alia*, to timely perfect appeal and to communicate with incarcerated client); *cf. Lewis v. Lane*, 816 F.2d 1165, 1169–70 (7th Cir.1987) (where appointed counsel representing prison inmates in § 1983 action failed to prepare case for trial, magistrate abused his discretion in denying inmates' motion to substitute counsel). Accordingly, we relieve Silveri of his representation of Rodriguez, and direct that counsel be appointed to represent Rodriguez pursuant to the Criminal Justice Act in order to rebrief and reargue this appeal.