101 F.3d 107
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jose Migel CORONA-DIAZ, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-2681.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 APPEARING FOR APPELLANT: Jose Migel Corona-Diaz, pro se, White Deer, PA.
 APPEARING FOR APPELLEE: Susan Corkery, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY.
 E.D.N.Y.
 GRANTED.
 Present: MINER, JACOBS, CABRANES, Circuit Judges.
 
 
 1
 Petitioner-appellant Jose Migel Corona-Diaz ("Corona") appeals pro se from an order of the United States District Court for the Eastern District of New York (Platt, J.) denying his motion, pursuant to 28 U.S.C. § 2255, to vacate the sentence imposed after his conviction for possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(i).
 
 
 2
 On August 29, 1988, Corona was convicted upon a guilty plea for possession with intent to distribute heroin. On May 5, 1989, Corona was sentenced to a 30-year term of imprisonment, to be followed by a lifetime of supervised release. Judgment was entered on May 26, 1989. Corona's counsel filed a notice of appeal on June 2, 1989. However, that appeal was dismissed on October 12, 1989 for Corona's failure to file a brief.
 
 
 3
 On July 31, 1989, Corona moved pro se to reduce his sentence under Fed.R.Crim.P. 35, and the district court denied the motion on October 16, 1989. On October 5, 1992, Corona again moved pro se under Fed.R.Crim.P. 35, or, alternatively under 28 U.S.C. § 2255, alleging, inter alia, that "he was not able to file an appeal after the Court imposed the sentence, becuase [sic] no one advised him that he had the right to appeal." The district court denied Corona's motion on November 3, 1992.
 
 
 4
 On November 14, 1992, Corona moved pro se to amend the judgment, pursuant to Fed.R.Civ.P. 52 and 59. Corona alleged, inter alia, that his "counsel failed to advised [sic] petitioner of his right to appeal his sentence" and that "[h]ad petitioner been informed he had ground for appeal of judgment of sentence, he would have perfected an appeal." On September 10, 1993, the district court denied the motion. Corona appealed, and, on July 5, 1994, we affirmed the order of the district court.
 
 
 5
 On June 12, 1995, Corona filed the instant § 2255 motion, contending that: 1) he was deprived of due process because the district court failed to advise him of his right to appeal; and 2) his counsel was ineffective because counsel filed a notice of appeal but failed to file a brief, causing Corona's direct appeal to be dismissed. The district court denied the motion, and this appeal followed.
 
 
 6
 Pursuant to Local Rule 4(b), once an attorney has filed a notice of appeal and thereby has become the attorney of record for the appeal, the attorney must represent the appellant until he is relieved by this Court or until the appeal is considered and determined. See United States v. Beverhoudt, 430 F.2d 141, 143 (2d Cir.1970). In Beverhoudt, the appellant's counsel filed a notice of appeal, but failed to perfect the appeal. We reinstated the appellant's direct appeal and appointed counsel. Id. In the present case, Corona's counsel filed a notice of appeal but failed to file a brief. Accordingly, we vacate the default and reinstate Corona's direct appeal. We direct that CJA counsel be appointed for Corona, that a new scheduling order be issued, that new appointed counsel perfect the appeal, and that the appeal be heard in the regular course.