**Massoud KASHEFI–ZIHAGH,**
**Petitioner,**

v.

**IMMIGRATION & NATURALIZATION**
**SERVICE, Respondent.**

No. 84–7615.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 1985.*

Decided June 9, 1986.

* At oral argument, the parties agreed to submit     the case on the briefs. *See* Fed.R.App.P. 34(f).

Gary Silbiger, Los Angeles, Cal., for petitioner.

Evelyn M. Matteucci, Asst. U.S. Atty., Los Angeles, Cal., for respondent.

Before ANDERSON, BEEZER and BRUNETTI, Circuit Judges.

BRUNETTI, Circuit Judge:

Massoud Kashefi-Zihagh petitions for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the Immigration Judge's (IJ) denial of suspension of deportation. He also contends that the BIA erred in denying him a continuance to obtain translation of a document. At oral argument before this court, he fired his lawyer and requested a continuance. The motion to continue oral argument was denied. The petition for review is denied.

## I.

### FACTS

Kashefi-Zihagh, a native and citizen of Iran, entered the United States in 1974 as a non-immigrant visitor. In 1981 he was charged with deportability based on Section 241(a)(2) of the Immigration and Nationality Act for overstaying his visa. He conceded deportability and applied for suspension of deportation, and has steadfastly refused to apply for withholding of deportation and asylum. The IJ denied relief and on appeal the BIA affirmed.

## II.

### ANALYSIS

#### A. *Suspension of Deportation*

■ Kashefi-Zihagh contends that the BIA abused its discretion in finding he would not suffer extreme hardship if deported. The BIA is free to construe extreme hardship narrowly. *INS v. Wang,* 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981) (per curiam). We may reverse the BIA only if the BIA's exercise of its discretion was arbitrary, irrational, or contrary to law. *Santana-Figueroa v. INS,* 644 F.2d 1354, 1355 (9th Cir.1981). The BIA must consider all factors relevant to the extreme hardship determination and must state its reasons for denying relief showing that it has properly considered all factors. *Contreras-Buenfil v. INS,* 712 F.2d 401, 403 (9th Cir.1983) (per curiam).

Kashefi-Zihagh's application for suspension of deportation was based primarily on the fact that he believes he will be persecuted if he returns to Iran. Some of his relatives in Iran were closely connected

with the Shah's regime and have been jailed and a great-uncle who had been in the Shah's army has been killed. Petitioner has other relatives in Iran who have not experienced problems other than the general hardship experienced by all Iranians. Kashefi-Zihagh was not a member of the Shah's government. He also submitted evidence on the difficult conditions in Iran due to the poor economy and the state of war. He contends that he will not be able to find any employment in Iran and that there is a possibility he will be persecuted because of his family's connections with the Shah. The IJ held that factual claims involving persecution were not appropriately raised in a suspension of deportation hearing. Claims of persecution are usually raised through applications for asylum, 8 U.S.C. § 1158(a), or prohibition of deportation, 8 U.S.C. § 1253(h). Kashefi-Zihagh has plainly decided to forgo such relief and raise his claim of persecution in the context of an application for suspension of deportation.

■ We have previously held that the BIA may define "extreme hardship" narrowly, so as to give consideration to persecution claims only under applications for asylum or prohibition of deportation, and not with applications for suspension of deportation. *See Hee Yung Ahn v. INS*, 651 F.2d 1285, 1288 (9th Cir.1981). Accordingly, the BIA may conclude that claims of political persecution have no relation to a determination of "extreme hardship" under section 244(a)(1). *Id.* (quoting *Matter of Kojoory*, 12 I & N Dec. 215 (1967)).

■ However, in Kashefi-Zihagh's case, although the IJ declined to review such allegations, the BIA did give consideration to his claim of possible persecution by the Iranian government. Where the BIA has considered such a claim in the context of an application for suspension of deportation, at least where the suspension claim is based in large part on the persecution claim, we have reviewed the BIA's holding on that stated basis. *See Zavala-Bonilla v. INS*, 730 F.2d 562, 568 (9th Cir.1984). However, we hold that the BIA did not abuse its discretion in holding that Kashefi-Zihagh has failed to establish "extreme hardship" on the basis of his allegations of possible persecution.

■ Kashefi-Zihagh contends that the BIA failed to consider the facts relevant to his hardship claim cumulatively. He also contends that the BIA failed to consider conditions in Iran, the impossibility of finding employment in Iran, the forced abandonment of his business which his deportation would cause, the fact that he has lived in the United States for nine years, and that he has no other way to immigrate to the United States.

The BIA did consider the factors cumulatively. Further, the BIA considered the difficulties in finding employment in Iran and the hardship that the abandonment of his business would cause. The BIA decision mentions the fact that Kashefi-Zihagh has lived in the United States for over nine years. Finally, the BIA did not err in failing to mention that Kashefi-Zihagh has no other way to immigrate to the United States because he, in fact, does have a U.S. citizen brother who could petition for a visa on his behalf.

The BIA decision reflects consideration of all relevant factors and shows no abuse of discretion.

### B. *Denial of Request for Continuance*

Kashefi-Zihagh requested a continuance of the hearing on suspension of deportation in order to obtain a translation of an Iranian document which purportedly lists persons who will be persecuted if returned to Iran and names Kashefi-Zihagh, and to obtain expert witnesses on conditions in Iran. The IJ denied the request.

■ The denial of a request for a continuance lies within the discretion of the IJ. *Ghajar v. INS*, 652 F.2d 1347, 1349 (9th

Cir.1981) (per curiam). Because Kashefi-Zihagh offered no reason why he was unable to obtain this evidence prior to his hearing when the hearing was held four months after he filed his application, the IJ did not abuse his discretion in denying the continuance. Furthermore, the BIA did not abuse its discretion because Kashefi-Zihagh made no attempt to present the translation or affidavits to the BIA. *See Noverola-Bolaina v. INS*, 395 F.2d 131, 135 (9th Cir.1968) (BIA can make factual findings independent of IJ); 8 C.F.R. § 3.1(d) (BIA shall exercise authority and discretion as is appropriate and necessary for disposition of case); 1 Gordon and Rosenfield *Immigration Law and Procedure* § 1.10f (1985) (in exceptional cases the BIA has accepted and considered additional affidavits or other documents).

## C. *Discharge of Counsel and Request for Postponement of Oral Argument*

When he appeared at oral argument before this panel, Kashefi-Zihagh sought to relieve his counsel and obtain an extension.[1] A party may terminate his counsel's representation at any time. *United States v. Thomas*, 450 F.2d 1355, 1356 (D.C.Cir.1971) (per curiam). A request for postponement of oral argument must be made by motion filed reasonably in advance of the date fixed for hearing. Fed.R.App.P. 34(b). Kashefi-Zihagh failed to move for additional time reasonably in advance of the hearing date. Furthermore, even if we were to consider his motion, he has failed to offer any ground for a continuance. He first stated that he had been unable to obtain a translation of the document but then conceded that he had had enough time to obtain it in the four months prior to his suspension hearing. He then stated that he needed to obtain more documents from Iran and that conditions in Iran made it very difficult to obtain information. This court, however, cannot consider evidence not brought before the BIA. *Reid v. Engen*, 765 F.2d 1457, 1460 (9th Cir.1985); *Tejeda-Mata v. INS*, 626 F.2d 721, 726 (9th Cir.1980), *cert. denied*, 456 U.S. 994, 102 S.Ct. 2280, 73 L.Ed.2d 1291 (1982). Kashefi-Zihagh's remedy is to file a motion to reopen before the BIA. 8 C.F.R. § 3.2 (1980).

The petition is DENIED.

---

1. The petitioner attempted several tactics to obtain a continuance allegedly on the basis that he needed extra time to obtain certain documentation from Iran. The petitioner stated that if he could get a postponement, he would continue to allow his attorney to represent him at the hearing, but if the court would not give him a postponement, he would fire his attorney. The same arguments with regard to obtaining documents from Iran to support his case were presented by petitioner to the IJ and BIA and were denied. The petitioner asked for continuances before the IJ and the BIA and never produced any documentation or materials. The BIA noted that the record contains extensive documentary and testimonial evidence in support of the petitioner's allegations of persecution in Iran.

The petitioner also stated that his attorney was too honest for this type of case as other attorneys "pay them off" and get a green card. The court will not be coerced into granting the petitioner's request for continuance under the threat of firing his attorney and not allowing him to proceed with argument. Petitioner's actions appear to be for the purpose of delay based upon claims which were denied by the IJ and the BIA which denials are supported by substantial evidence in the record.

The petitioner being denied a postponement by the court stated he would prefer to submit the matter on the briefs. The Immigration & Naturalization Service had no objection and the court accepted the matter submitted on the briefs.

A transcript of the oral argument has been ordered lodged with the Clerk of the Court.