15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Evangeline Malaqui CABALQUINTO aka Evangeline Burcena, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-70187.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Feb. 8, 1994.
 
 Before: POOLE, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Evangeline Cabalquinto appeals from the February 28, 1992 decision of the Board of Immigration Appeals ("BIA") refusing to grant a continuance and granting voluntary departure. This court has jurisdiction pursuant to 8 U.S.C. Sec. 1105a.
 
 
 3
 Despite petitioner's presentation of her appeal in terms of the errors of the Immigration Judge ("IJ"), "this court's review is limited to the decision of the BIA." Elnager v. INS, 930 F.2d 784, 787 (9th Cir.1991). "[T]he BIA has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence." Id. Decisions of the BIA which are committed to its discretion are reversible only if "the BIA's exercise of its discretion was arbitrary, irrational, or contrary to law." Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986). Questions of law are reviewed de novo, "but with deference to the BIA's interpretation of the statute." Ramirez-Ramos v. INS, 814 F.2d 1394, 1396 (9th Cir.1987). By statute, this court must take the agency's findings of fact as conclusive "if supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. Sec. 1105a(a)(4).
 
 I.
 
 4
 This court must be presented with a justiciable case or controversy in order for it to have subject matter jurisdiction. An issue is moot and nonjusticiable if it has "lost its character as a present, live controversy." Connolly v. Pension Ben. Guar. Corp., 673 F.2d 1110, 1113 (9th Cir.1982) (quoting Hall v. Beals, 396 U.S. 45, 48 (1969) (per curiam)).
 
 A.
 
 5
 There are several difficulties with the justiciability of petitioner Cabalquinto's appeal. First, by the time the BIA heard her appeal, it was incapable of granting her the relief she sought. On August 23, 1991, at the hearing before the IJ on her deportation, petitioner moved for a continuance until the BIA ruled on her appeal of the District Director's August 16, 1991 denial of an I-130 petition on her behalf. While the IJ denied the continuance, he stayed his order of voluntary deportation until the appeal was heard, in essence, granting her a continuance. Petitioner then appealed his denial to the BIA. Had the BIA reversed the IJ and granted Cabalquinto a continuance in February, 1992, she would have had no more than she already had by virtue of the stay. This court, asked to review the same decision as was the BIA, is faced with the same powerlessness.
 
 
 6
 Second, by the time the BIA ruled on the appeal of the August 23, 1991 order, the BIA had already issued its decision denying the appeal from the denial of the I-130 petition. So once again, a reversal of the IJ with respect to the continuance would have had no effect--Cabalquinto had already been permitted to remain in the country until the appeal was decided, which is what she sought by the continuance. Now, well after the I-130 petition was denied on appeal, this court also cannot give petitioner anything by ruling that the BIA incorrectly affirmed the denial of the continuance. The whole issue is moot.
 
 
 7
 Petitioner argued in her reply brief that the appeal is not moot because if the continuance had been granted, she would not now be subject to deportation. This is simply not true. Had the IJ, on August 23, 1991, granted her a continuance until her I-130 petition was appealed, that continuance would have expired on December 27, 1991 when the BIA denied her appeal, and she would have been subject to deportation proceedings at that time.
 
 
 8
 The only way petitioner's arguments make sense is if her motion for continuance until her I-130 petition was finally decided is interpreted as a motion for a continuance until any and all such petitions are decided. There is, however, no indication in the record that she actually sought such an indefinite continuance. Further, if Cabalquinto's original motion for continuance was indeed so broad, such that a review of its denial might not be moot, the BIA's affirmance of its denial is well within the agency's discretion. At the time of the denial, no second petition had been filed, and there was no indication that one was even contemplated. Petitioner offers no authority for her argument that the IJ must grant a continuance until a petition which has not yet been filed is adjudicated. If it was an abuse of discretion to deny a continuance until any and all petitions a party facing deportation chooses to bring, no one would ever be deported. It was not abuse of discretion for the BIA to interpret her motion as it was made and to deny it.
 
 B.
 
 9
 While the petition insofar as it seeks review of the motion for a continuance is moot, the BIA construed part of petitioner's appeal as a motion to remand, and its February 28, 1992 order contains a denial of a motion to remand. Cabalquinto argued to the BIA that it should reverse the IJ based on the information in her second I-130 petition, which was not before the IJ, and did not exist at the time she made her motion. The BIA rightly found that information not before the IJ was irrelevant to his discretionary decision to deny a continuance. However, the BIA generously construed her arguments regarding the second petition as a motion to remand and reopen the case in light of new evidence, i.e., the second petition. It then denied this motion to remand. Review of this aspect of the BIA decision would have genuine consequences for the parties. If this court were to reverse the BIA, and remand the proceeding to the IJ with orders to reopen the proceedings and consider the second petition, petitioner would receive the opportunity to introduce the information in her second petition and evidence of the August, 1993 grant of that petition, and to seek reversal of the deportation order.
 
 
 10
 While petitioner failed to argue explicitly in her briefs to this court for reversal of the decision to deny her implicit motion to remand, the relief she originally sought from this court is essentially the relief she would have received on remand. She sought an order of this court vacating the decision of the BIA and granting a continuance pending the final resolution of the second I-130 petition on her behalf. Thus, her appeal can be interpreted in part as a appeal of the refusal to remand the decision to the IJ, and as such, is not moot.
 
 
 11
 Petitioner's supplemental brief indicates that even the relief she requested in her previous briefs--a continuance pending the final resolution of her second petition--would no longer be meaningful. As of August 27, 1993, the second petition is finally granted. Still, Cabalquinto persists in her appeal, and now explicitly asks for remand to the BIA and IJ. Even if the court considers the material presented in the supplemental brief, it is the remand issue which is the only viable question.
 
 II.
 
 12
 The court now addresses the only portion of this petition which is not moot: the BIA's denial of the motion to remand. "[A]s a court reviewing a final order of an administrative agency we are not permitted to consider evidence that was not before the immigration judge or the Board." Gomez-Vigil v. INS, 990 F.2d 1111, 1113 (9th Cir.1993). Therefore, the additional materials filed with petitioner's supplemental brief are irrelevant to our review. We review "the BIA's exercise of discretion concerning motions to reopen and motions to reconsider under an abuse of discretion standard." Saldana v. INS, 762 F.2d 824, 827 (9th Cir.1985).
 
 
 13
 The BIA correctly stated the applicable legal rules in its decision. As this court has held in Rodriguez v. INS, 841 F.2d 865, 867 (9th Cir.1987), "[t]he formal requirements of the motion to reopen and those of the motion to remand are for all practical purposes the same." Those requirements are: (1) a prima facie showing of eligibility for relief sought, in this case, immediate relative status, and (2) an explanation of the failure to present the evidence in the previous proceeding. Id. See also 8 C.F.R. Sec. 3.8(a) (motions to reopen shall state new facts, supported by affidavits or other evidence).
 
 
 14
 The second prong was not addressed by the BIA decision, and it can be quickly disposed of here. The second petition was not presented to the IJ because the first petition had not yet been rejected. Petitioner meets the explanation requirement. The issue in contention is whether she succeeded in making a prima facie showing of eligibility for relief from deportation based on her pending petition for immediate relative status and simultaneous application for permanent relative status. Cabalquinto could not rely on her by then twice-defeated initial I-130 petition to make a prima facie case.[1] It is her second petition, which was pending at the time of the BIA affirmance of the August 23, 1991 decision of the IJ, which she now argues prevented the BIA from denying her motion to remand and reopen.
 
 
 15
 Cabalquinto's second petition was unadjudicated at the time it was considered by the BIA in February, 1992. Unadjudicated petitions carry a presumption of prima facie eligibility. Matter of Garcia, 16 I & N Dec. 653, 654-57 (1978). As the BIA explained in its 1992 decision modifying Garcia:
 
 
 16
 [W]e determined that a motion to reopen should generally be granted in cases involving an adjustment application supported by an unadjudicated visa petition unless the applicant for adjustment appears clearly ineligible for the preference classification claimed in the underlying petition. [cite omitted] Stated another way, a pending prima facie approvable visa petition would be treated as though it were already approved for purposes of reopening.
 
 
 17
 Matter of Arthur, Interim Decision 3173, No. A-29575767 (May 5, 1992) (emphasis added). The record before the BIA was not the same as that in Garcia where the unadjudicated petition was petitioner's first. The record in this case also contained two evaluations of the first petition regarding the same marriage, which the BIA found destroyed any presumption that the second petition was prima facie approvable. The BIA was permitted to consider the record as a whole, and its decision shows that it did so carefully. It did not, as petitioner argues, decide the second I-130 petition, but made the initial prima facie determination required by Garcia.[2]
 
 
 18
 The BIA held that the second visa petition did not constitute a prima facie showing of eligibility. It found that petitioner had failed to provide any explanation of the discrepancies between her statements and those of her husband to the INS examiner, which the BIA had highlighted in its December 27, 1991 denial of her I-130 petition. Further, it found that the additional evidence she provided was of "insignificant probative value," and post-dated the district director's decision, thus weakening its probative value.
 
 
 19
 The respondent [Evangeline] submitted evidence that the bank account had been used, but no evidence that the use was joint. She also submitted letters from various relatives and friends (most of which are unsworn or unnotarized or both) who state that the marriage is bona fide. These letters are of some probative value, although they are not from independent, objective sources. However, they are insufficient to establish a prima facie case that the marriage is bona fide in the absence of any explanation or evidence regarding the adverse evidence discussed in our December 27 decision.
 
 
 20
 Certified Administrative Record ("CAR") at 3 (emphasis added). Having considered the record as whole, which included the denial of the first petition, and the second petition, BIA concluded that a prima facie showing of eligibility had not been made, and in its discretion declined to remand to the IJ. Garcia does not stand for the proposition that every unadjudicated petition must be considered prima facie approvable. 16 I & N Dec. at 657.
 
 
 21
 There is no basis for this court to reverse this discretionary decision, despite the irony that the second petition was eventually approved. Indubitably, petitioner is now entitled to move to reopen under 8 C.F.R. Sec. 3.8. She can make a prima facie showing of eligibility based on information that has arisen since the original deportation order, i.e., the August 27, 1993 approval of her second I-130 petition. See also Sang Seup Shin v. INS, 750 F.2d 122 (D.C.Cir.1984) (reversing a denial of a motion to reopen deportation proceeding and remanding for consideration of the approval of an immediate relative petition). However, this court has no reason to reverse the denial of a continuance and of her motion to reopen based on the earlier administrative record.
 
 III.
 
 22
 Because the IJ granted petitioner a stay of the deportation order until adjudication of her first I-130 petition, his denial of her motion for a continuance is moot, as is petitioner's appeal to this court of the BIA's affirmance of that denial. However, her appeal from the BIA's denial of her motion to remand based on her second petition still presents a viable controversy to this court. The court finds that the agency's denial was within its discretion.
 
 
 23
 The additional information petitioner provided the court in her supplemental brief is irrelevant to this court's review of the agency decision, which must focus solely on the record before the agency. The information in the supplemental brief does reveal that petitioner is entitled to move to reopen her deportation proceedings, and by means of such motion, can achieve the result she seeks, which is to remain in this country as a permanent resident alien.
 
 
 24
 This court cannot provide such a remedy, for reviewing the denial of her motion to remand under an abuse of discretion standard reveals no grounds for reversal.
 
 
 25
 The decision of the BIA is AFFIRMED, and the petition is DENIED. The mandate shall be stayed for sixty (60) days to allow the petitioner to file a motion to reopen her case before the IJ.
 
 
 26
 Petitioner's November 23, 1993 motion to hold in abeyance is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner's reliance on Matter of Garcia, 16 I & N Dec. 653, 654-57 (1978) is misplaced. Garcia dealt only with "as yet unadjudicated visa petitions," and specifically declined to create a rigid rule, leaving discretion in the district director to deny such request for a continuance. Id. at 654, 657
 
 
 [2]
 In addition to arguing that BIA exceeded its mandate in reviewing the second petition, petitioner argues that the "unfair" review of the record violated her due process rights. Her argument, which is only weakly supported by district court cases from New York and Massachusetts (she cites Stokes v. INS, 393 F.Supp. 24 (S.D.N.Y.1975) and Ali v. INS, 661 F.Supp. 1234 (D.Mass.1986)), need not be addressed by this court because there is no indication that the BIA improperly determined the merits of the second petition
 As the supplemental record shows, the BIA later considered the petition, and granted it.
 While in her opening brief, petitioner argues that the BIA exceeded its authority by too close scrutiny of her second petition, in her reply brief she argues that the BIA failed to conduct a de novo review of the record to determine the prima facie approvability of her first petition. This argument is equally unsupported by the record.