89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Silvia Manuela CAJINA-ZELEDON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70585.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1996.
Decided May 2, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges, and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Silvia Manuela Cajina-Zeledon seeks review of the Board of Immigration Appeals' ("BIA") denial of her application for suspension of deportation under § 244(a)(1) of the Immigration and Nationalization Act ("INA"). We deny her petition for review.
 
 
 4
 Under § 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1), the Attorney General may, in her discretion, suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the U.S. for at least seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien, or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The Immigration and Naturalization Service does not challenge the existence of the first two conditions. At issue is the third. This court reviews the BIA's finding of no "extreme hardship" for abuse of discretion, Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986), and will not reverse unless the BIA's exercise of its discretion was arbitrary, irrational, or contrary to law. Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986). The BIA is free to construe extreme hardship narrowly, as long as it considers all factors relevant to the hardship determination and states its reasons for denying the requested relief. Ramirez-Durazo, 794 F.2d at 498.
 
 
 5
 Petitioner contends on appeal that the BIA's finding of no "extreme hardship" was erroneous because it failed to consider the alleged political persecution she would face if returned to Nicaragua, and her recently purchased home in the U.S., which she would be forced to leave behind. She also contends that the BIA failed to properly weigh the separation of her family.
 
 
 6
 However, in Kashefi-Zihagh this court held that
 
 
 7
 the BIA may define "extreme hardship" so as to give consideration to persecution claims only under applications for asylum or prohibitions of deportation, and not with applications for suspension of deportation. [citations omitted] Accordingly, the BIA may conclude that claims of political persecution have no relation to a determination of 'extreme hardship' under section 244(a)(1).
 
 
 8
 791 F.2d at 710; see also Hee Yung Ahn v. INS, 651 F.2d 1285, 1288 (9th Cir.1981). Thus, the BIA did not abuse its discretion in refusing to consider the claim of political persecution. Similarly, the BIA did not abuse its discretion when it failed to consider her newly-purchased home. Petitioner presented no details as to its value, the financing arrangement, or her ownership share. Finally, petitioner directs us to nothing in the record demonstrating that the BIA abused its discretion in concluding that family separation did not, in the circumstances of this case, rise to the level of extreme hardship.
 
 
 9
 We DENY the petition for review.
 
 
 
 *
 Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3