89 F.3d 844
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hamid DAVOODI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70671.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1996.
Decided May 2, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Hamid Davoodi seeks review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen deportation proceedings in order to seek suspension of deportation under 8 U.S.C. § 1254(a). We deny his petition for review.
 
 
 4
 A motion to reopen shall not be granted unless the petitioner establishes, among other requirements, a prima facie case of eligibility for the sought after underlying relief. INS v. Abudu, 485 U.S. 94, 97, 108 S.Ct. 904, 908 (1988). A prima facie case is established when an alien presents affidavits or other evidentiary material, which if true, would satisfy the requirements for substantive relief. Sakhavat v. INS, 796 F.2d 1201, 1203 (9th Cir.1986). For purposes of the alien's motion to reopen, the BIA must accept the truth of the affidavits unless it finds the facts asserted to be "inherently unbelievable." Id. Moreover, the BIA cannot make credibility determinations at this stage of the proceedings, id., or require corroborating evidence. Reyes v. INS, 673 F.2d 1087, 1089-90 (9th Cir.1982). At issue in this case is whether the BIA erred in concluding that petitioner did not establish a prima facie case of eligibility for suspension of deportation.
 
 
 5
 Under 8 U.S.C. § 1254(a)(1), the Attorney General may, in her discretion, suspend deportation and adjust the status of an otherwise deportable alien who, among other conditions, is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien, or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence."
 
 
 6
 We review for abuse of discretion the BIA's decision denying a petitioner's motion to reopen in order to apply for suspension of deportation. INS v. Doherty, 112 S.Ct. 719, 724-25 (1992). Therefore, we must determine whether the BIA abused its discretion in concluding that petitioner failed to demonstrate a prima facie case of "extreme hardship."
 
 
 7
 Petitioner contests the BIA's decision on four grounds. First, he challenges the BIA's finding that deportation would not place an extreme hardship on his family situation. However, while he has family in this country, he is unmarried and has no children. Moreover, deportation would reunite petitioner with his parents, who continue to reside in Iran. In addition, his brother's status as a U.S. citizen may provide him with a potential means of immigrating lawfully into this country. See Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1986).
 
 
 8
 Second, petitioner argues that if deported he will be unable to find a job. However, it is inherently unbelievable that a 34 year old man, with skills as a maintenance person, and potential connections through his parents and their friends, would be unable to find any employment whatsoever in Iran. Moreover, mere difficulty in finding employment is not a ground for extreme hardship. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986).
 
 
 9
 Third, he argues that the BIA erroneously refused to consider his fear of political persecution when determining whether the conditions in Iran would cause him extreme hardship. However, in Kashefi-Zihagh this court held that
 
 
 10
 the BIA may define "extreme hardship" so as to give consideration to persecution claims only under applications for asylum or prohibitions of deportation, and not with applications for suspension of deportation. [citations omitted] Accordingly, the BIA may conclude that claims of political persecution have no relation to a determination of 'extreme hardship' under section 244(a)(1).
 
 
 11
 791 F.2d at 710; see also Hee Yung Ahn v. INS, 651 F.2d 1285, 1288 (9th Cir.1981). Thus, the BIA was not required to consider petitioner's claim of political persecution.
 
 
 12
 Finally, he argues that even if this court disregards his asylum claim, the extreme conditions in Iran caused by the lack of political freedoms and pervasive influence of the Islamic religion support a finding of extreme hardship. However, the BIA did not abuse its discretion in concluding that neither this contention nor petitioner's other contentions constituted grounds for a prima facie showing of extreme hardship.
 
 
 13
 We DENY the petition for review.
 
 
 
 *
 Honorable James T. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3