89 F.3d 846
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Antonio RUIZ-MACIAS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70603.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 12, 1996.
Decided May 2, 1996.
 
 1
 Before: SCHROEDER and LEAVY, Circuit Judges and TRIMBLE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Antonio Ruiz-Macias seeks review of the Board of Immigration Appeals' ("BIA") denial of his application for suspension of deportation under 8 U.S.C. § 1254(a)(1). We deny his petition for review.
 
 I.
 
 4
 Under 8 U.S.C. § 1254(a)(1), the Attorney General may, in her discretion, suspend deportation and adjust the status of an otherwise deportable alien who (1) has been physically present in the U.S. for at least seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien, or to his spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The Immigration and Naturalization Service ("INS") does not challenge the existence of the first two conditions. At issue is the third. This court reviews the BIA's finding of no "extreme hardship" for abuse of discretion, Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986), and will not reverse unless the BIA's exercise of its discretion was arbitrary, irrational, or contrary to law. Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986). The BIA is free to construe extreme hardship narrowly, as long as it considers all factors relevant to the hardship determination and states its reasons for denying the requested relief. Ramirez-Durazo, 794 F.2d at 498.
 
 
 5
 Petitioner contends that the effect that deportation would have on his financial situation and family relations requires a finding of "extreme hardship." We reject petitioner's contentions. First, in light of petitioner's skills and experience as a leather craftsman, the record does not support his testimony that it would be impossible for him to find work. Although he may not find it easy to find a job, or a job that pays as well as his former job in the U.S., "reduced job opportunities and [a] lower standard of living ... do not rise to the level of extreme hardship.' " Id. at 498. Moreover, it appears that if necessary, his ten grown children would provide him with financial support, as they have since 1990. Finally, petitioner's reliance on Santana-Figueroa v. INS, 644 F.2d 1354 (9th Cir.1981), where this court reversed the BIA's finding of no "extreme hardship" primarily on the basis of economic hardship, is misplaced. In Santana-Figueroa, the petitioner was 70 years old, unskilled, uneducated and previously injured. Id. at 1356. Here, petitioner Ruiz-Macias is skilled in a particular trade, has some education, and is capable of working.
 
 
 6
 Second, regarding petitioner's family relations, deportation would reunite petitioner with his wife and three daughters at their home in Tijuana. Moreover, most of his children in the U.S. are living in nearby San Diego, therefore visits would not be difficult. Finally, petitioner's claim that he has no friends in Mexico is not supported by the record, which includes his statement that friends in Mexico gave him information about his employability there.
 
 
 7
 In sum, the BIA did not abuse its discretion in finding that deportation would not impose an "extreme hardship" on petitioner.
 
 II.
 
 8
 In his reply brief, petitioner argues for the first time that principles of equitable estoppel bar deportation. He contends that the INS' repeated failure to inform him of problems with his papers during his numerous trips to and from Mexico led him to believe that his documents were valid. As a result, he did not apply for legalization under the amnesty provisions of the 1986 Immigration Reform and Control Act.
 
 
 9
 We reject petitioner's estoppel argument. First, his failure to raise this issue before the BIA or in his opening brief before this court constitutes a waiver. Second, the INS' earlier failure to notice the invalidity of his documents did not rise to the level of affirmative misconduct; therefore, equitable relief is not merited. See Mukherjee v. INS, 793 F.2d 1006, 1008-09 (9th Cir.1986); Talanoa v. INS, 397 F.2d 196, 201 (9th Cir.1968); Corniel-Rodriguez v. INS, 532 F.2d 301, 306-07 (2d Cir.1976).
 
 
 10
 The petition for review is DENIED.
 
 
 
 *
 Honorable James ?. Trimble, Jr., United States District Judge for the Western District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3