105 F.3d 664
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Romero Cantura CALUB, a/k/a Romero Cantuba Calub, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70579.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Dec. 23, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, No. Avt-vfw-ilt;
 BIA
 REVIEW DENIED.
 Before: FARRIS, BEEZER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Calub's argument that it would be difficult or impossible for him to get a job in the Philippines was rejected, first by the immigration judge and later by the BIA. We have made a de novo review. We, too, reject the argument.
 
 
 3
 Calub's second argument is that he feared that if he returned to the Philippines he would be harmed by a revolutionary group known as the New People's Army. That argument was rejected by the immigration judge. Our concern is the limitations placed on Calub's ability to fully develop that argument, but we are satisfied that our decision in Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir.1986) controls:
 
 
 4
 We have previously held that the BIA may define "extreme hardship" narrowly, so as to give consideration to persecution claims only under applications for asylum or prohibition of deportation, and not with applications for suspension of deportation. See Hee Yung Ahn v. INS, 651 F.2d 1285, 1288 (9th Cir.1981). Accordingly, the BIA may conclude that claims of political persecution have no relation to a determination of "extreme hardship" under section 244(a)(1). Id. (quoting Matter of Kojoory, 12 I & N Dec. 215 (1967)).
 
 
 5
 We are therefore satisfied that the showing made and considered, though limited, was sufficient to support the rejection of the argument.
 
 
 6
 The petition is DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3