129 F.3d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Setrag Aram BOYRAZIAN, Petitioner,
v.
IMMIGRATION AND NATALIZATION SERVICE, Respondent.
 No. 96-70575.
 United States Court of Appeals, Ninth Circuit.
 Nov. 10, 1997.
Submitted Nov. 6, 1997.*
 
 Petition to Review a Decision of the Board of Immigration Appeals, Pasadena, California, I & NS No. Avs-fek-yln.
 Before GIBSON,** KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 To be eligible for suspension of deportation, an alien must demonstrate that deportation would cause extreme hardship, defined as hardship "unusual or beyond that which would normally be expected" upon deportation. Hassan v. INS, 927 F.2d 465, 468 (9th Cir.1991); 8 U.S.C. § 1254(a). In determining that Boyrazian did not establish extreme hardship, the BIA considered all the relevant factors, including the health and welfare of his mother, and articulated the reasons for its decision. This was not an abuse of discretion. See Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986) (holding that the BIA's extreme hardship determination must be reviewed for abuse of discretion, and may only be over-turned if "arbitrary, irrational, or contrary to law.").
 
 
 3
 Likewise, the BIA concluded that Boyrazian failed to establish eligibility for asylum under 8 U.S.C. § 1158(a), because he failed to show a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group or political opinion. See INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). Boyrazian presented no evidence suggesting that his home and shop were bombed anything but randomly, or that Armenian-Christians are being singled out for persecution in Lebanon. General civil strife in one's home country does not qualify as persecution. See Martinez-Romero v. INS, 692 F.2d 595 (9th Cir.1982). We cannot say the evidence "compels" us to reach a contrary result, and therefore the BIA did not abuse its discretion. See INS v. Elias-Zacarias, 502 U.S. 478, 481 n. 1 (1992). Since Boyrazian is not eligible for asylum, he has necessarily failed to meet the higher threshold for "withholding of deportation." 8 U.S.C. § 1253(h).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 The Honorable Floyd R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3