132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Adan LOPEZ-MEDINA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70648, Azt-lac-sis.
 United States Court of Appeals, Ninth Circuit.
 Dec. 9, 1997.
Submitted December 5, 1997** Pasadena, California
 
 1
 Petition to Review a Decision of the Immigration and Naturalization Service
 
 
 2
 MEMORANDUM*
 
 
 3
 Petitioner, Adan Lopez-Medina, is a native of Mexico who entered the United States illegally in 1986. Mr. Lopez is married and has three children. His wife and two eldest children are also in the United States illegally. His youngest child is a United States citizen by virtue of being born here. The Immigration and Naturalization Service issued an Order to Show Cause in 1993, charging that Mr. Lopez is deportable for entering the country without inspection. After receiving evidence, an immigration judge found Mr. Lopez to be deportable, denied his request for suspension of deportation, and granted him voluntary departure within thirty days. The Board of Immigration Appeals ("BIA") determined that Mr. Lopez was statutorily ineligible for suspension of deportation because he failed to establish that deportaion would result in extreme hardship to himself or to his United States citizen child. Mr Lopez appeals the BIA's ruling.
 
 
 4
 We review for an abuse of discretion the BIA's decision to deny Suspension of deportation on the basis of a lack of extreme hardship. Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995); Hassan v. INS, 927 F.2d 465, 467 (9th Cir.1991). The BIA's decision may be reversed only if its exercise of discretion was arbitrary, irrational or contrary to law. Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986).
 
 
 5
 Upon review, we find that the BIA did not abuse its discretion. The BIA considered all of the relevant factors and correctly concluded that "extreme hardship has not been proven in the case of [Mr. Lopez] and his [United States citizen] child." While it will be difficult for petitioner to move himself and, presumably, his family to Mexico, there was no showing that it would result in extreme hardship. Mr. Lopez and his family speak Spanish, they are healthy, and they have assets that will help facilitate their move. "The common results of deportation or exclusicn are insufficient to prove extreme hardship." Hassan, 927 F.2d at 468.
 
 
 6
 Because we find that the BIA did not abuse its discretion in determining that extreme hardship was not shown, we need not address the government's argument regarding the new section 240A of the Immigration and Nationality Act of 1952.[1]
 
 
 7
 Accordingly, the decision of the BIA is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 8 U.S.C. § 1230