145 F.3d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Bogdan STOIMENOV, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 97-70708.
I & NS No. Afy-wua-red.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 13, 1998.
Decided May 7, 1998.
 
 Petition to Review a Decision of the Boardof Immigration Appeals.
 Before SNEED and TROTT, Circuit Judges, and WALLACH, Judge.**
 
 
 1
 MEMORANDUM*
 
 
 2
 Bogdan Stoimenov petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h) of the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158(a) and 1253(h). Stoimenov was found deportable pursuant to Section 241(a)(1)(B) of the INA, 8 U.S.C. § 1251(a)(1)(B), because he remained in the United States as a nonimmigrant for a longer period of time than authorized. Stoimenov argued that he was persecuted and that he established a well-founded fear of persecution from the Bulgarian government on account of his anti-communist political beliefs. He also claims that he was prevented from freely practicing his faith. We deny Stoimenov's petition.
 
 
 3
 The Attorney General has the discretion to grant asylum to any alien who demonstrates that he or she is a refugee. 8 U.S.C. § 1158(a). A refugee is an alien who is "unable or unwilling to return to ... [their country of origin] because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A).
 
 
 4
 "Past persecution and a well-founded fear of future persecution provide separate avenues for establishing eligibility for asylum." Lopez-Galarza v. INS, 99 F.3d 954, 958 (9th Cir.1996). Consequently, "eligibility for asylum 'may be based on past persecution alone,' even absent a well-founded fear of future persecution." Id. at 959 (citation omitted). Once the BIA determines that an alien is eligible for asylum, the BIA may still deny the application for asylum in its discretion. See id. at 960.
 
 
 5
 We will uphold the BIA's determination that Stoimenov was not eligible for asylum if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). The BIA's decision will "be reversed only if the evidence presented by [the petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." Id.
 
 
 6
 The BIA examined the record in-depth and concluded that "the beatings, harassment, and discrimination suffered by [Stoimenov] in Bulgaria over several years constitutes past persecution on the basis of his political opinion or an imputed political opinion." A.R. 2. We find this determination to be supported by substantial evidence in the record.
 
 
 7
 Our next inquiry, then, is whether the BIA abused its discretion in denying Stoimenov's petition for asylum. See Kazlauskas v. INS, 46 F.3d 902, 905 (9th Cir.1995). The BIA's determination constitutes an abuse of discretion if its decision is arbitrary, irrational, or contrary to law. Kashefi-Zihagh v. INS, 791 F.2d 708, 709 (9th Cir.1986). Although the likelihood of future persecution is weighted heavily in determining whether to grant asylum, "there may be cases where the favorable exercise of discretion is warranted for humanitarian reasons even if there is little likelihood of future persecution." Matter of Chen, 20 I. & N. Dec. 16, (1989).
 
 
 8
 Here, the BIA determined the past persecution Stoimenov experienced was not serious enough to support a "humanitarian" grant of asylum. A.R. 2. Based on the record of the persecution suffered by Stoimenov, we do not find that the BIA's decision was an abuse of discretion.
 
 
 9
 The BIA found that future persecution was unlikely due to the changed political conditions in Bulgaria. A.R. 2; see Singh v. Ilchert, 69 F.3d 375, 378 (9th Cir.1995) (quoting 8 C.F.R. § 208.13(b)(1)(i)) ("Once past persecution is demonstrated, then fear of future persecution is presumed, and the burden shifts to the INS to show, by a preponderance of the evidence, that 'since the time the persecution occurred conditions in the applicant's country ... have changed to such an extent that the applicant no longer has a well-founded fear of being persecuted if ... [the applicant] were to return.' ")).
 
 
 10
 We find that the BIA's determination regarding Stoimenov's eligibility for asylum based on a well-founded fear of future persecution is supported by substantial evidence on the record. Stoimenov failed to present evidence compelling the conclusion that the requisite fear of persecution existed. As discussed by the IJ and adopted by the BIA, the Department of State's Country Reports for the years 1989 through 1991 and its Profile of Asylum Claim and Country Conditions for 1995 provide ample support for the conclusion that conditions in Bulgaria have changed greatly since late 1989 when the communist President Zhivkov's regime was overthrown. A.R. 213-222 (Country Report 1989), 273-280 (Country Report 1991), 281-287 (Country Report 1990), and 197-202 (Asylum Claim Profile 1995); see 8 C.F.R. § 208.11 (allowing the Department of State to "provide detailed country conditions information addressing the specific conditions relevant to eligibility for refugee status ..." which may be relied upon by an immigration judge so long as the parties have an opportunity to review and respond to it).
 
 
 11
 Stoimenov also failed to present evidence that compels the conclusion that he has a well-founded fear of persecution based on religious beliefs. Stoimenov claims that he and his family were persecuted for years based on their Orthodox religion. A.R. 2. Stoimenov testified that he could not attend church because government agents were either blocking the entrance or watching and subsequently harassing those people who entered the church. A.R. 77. The Asylum Claim Profile for 1995 indicates only possible religious intolerance for non-Orthodox religions, not Stoimenov's Orthodox Religion. See A.R. 201.
 
 
 12
 The burden of proof required for withholding of deportation is greater than the burden of proof for asylum. INS v. Stevic, 467 U.S. 407, 413, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Consequently, Stoimenov has failed to establish a right to withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995) ("Because [the petitioners] failed to demonstrate past persecution or the requisite fear of persecution required for asylum, it follows that they cannot meet the more stringent standard for withholding of deportation.").
 
 
 13
 The petition is DENIED.
 
 
 
 **
 The Honorable Evan J. Wallach, United States Court of International Trade, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3