Isidra MORALES–DIAZ, Petitioner,

v.

John D. ASHCROFT, U.S. Attorney General, Respondent.

No. Civ.A.02–70499.
INS No. A76–366–598.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Dec. 27, 2002.

Before SNEED, SKOPIL and FARRIS, Circuit Judges.

---

**13.** 75 F.3d 1383 (9th Cir.1996).

**14.** *Id.* at 1389–90.

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM [**]

Isidra Morales–Diaz petitions for review of a final order of the Board of Immigration Appeals affirming an immigration judge's denial of her application for cancellation of removal. She contends that the judge erred by ruling that she failed to establish that she has a "qualifying relative." We deny the petition for review.

## DISCUSSION

We have jurisdiction to review the denial of Morales–Diaz's application for cancellation of removal. The record indicates that she sufficiently raised her claim before the BIA to satisfy the exhaustion requirements of 8 U.S.C. § 1252(d)(1). *See Agyeman v. INS*, 296 F.3d 871, 877–78 (9th Cir.2002); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1184 (9th Cir.2001) (en banc). Moreover, we retain jurisdiction to review the BIA's nondiscretionary determination that a petitioner is statutorily ineligible for cancellation of removal. *See Montero–Martinez v. Ashcroft*, 277 F.3d 1137, 1144 (9th Cir.2002); *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

Morales–Diaz was required to establish for purposes of her application "that removal would result in exceptional and extremely unusual hardship to the alien's spouse ... who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1229b(b)(1)(D). She asserts that her removal would cause hardship to her husband, a lawful permanent resident. We agree, however, with the immigration judge that there is no evidence in the record that Morales–Diaz is married. Although there are many indices of marriage, *see Agyeman*, 296 F.3d at 882–83, Morales–Diaz provided nothing to establish that she has the requisite qualifying spouse.

Morales–Diaz argues that the immigration judge should have granted her request for a continuance to permit her to gather evidence of her marital status. The record indicates, however, that she had nearly a year to secure such evidence and that she did not indicate what evidence might be available if additional time had been granted. The immigration judge did not abuse his discretion by denying Morales–Diaz's request for a continuance. *See Gonzales v. INS*, 82 F.3d 903, 908 (9th Cir.1996) (no abuse of discretion when petitioner had ample time to prepare); *Kashefi–Zihagh v. INS*, 791 F.2d 708, 710–11 (9th Cir.1986) (no abuse of discretion when petitioner offered no reason why he was unable to obtain evidence prior to hearing).

PETITION FOR REVIEW DENIED.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.