**Xianju ZHU, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–74773.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2005.\*\*

Decided May 13, 2005.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Aris Artounians, Law Office of Aris Artounians, Glendale, CA, for Petitioner.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and THOMAS, Circuit Judges.

## MEMORANDUM \*\*\*

Xianju Zhu, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming an immigration judge's ("IJ") denial of her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's credibility findings, *Kaur v. Ashcroft*, 379 F.3d 876, 885 (9th Cir.2004), and review for abuse of discretion the denial of a continuance, *Nakamoto v. Ashcroft*, 363 F.3d 874, 883 n. 6 (9th Cir.2004). We grant in part, and deny in part, the petition for review.

The BIA's adverse credibility determination is not supported by substantial evidence. *See Kaur*, 379 F.3d at 889–90. The IJ's demeanor finding regarding how much emotion Zhu should have displayed when discussing an abortion is based on improper speculation. *See id.* at 887. Furthermore, Zhu's addition of a separate basis for relief at the hearing, where she provided a credible explanation for not

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

raising the claim earlier, is not on its own a sufficient reason to require corroborating evidence or to support a sweeping adverse credibility determination. *See Guo v. Ashcroft,* 361 F.3d 1194, 1201 (9th Cir.2004) (holding adverse credibility finding not based on substantial evidence where BIA or IJ does not suggest any reason it found applicant's explanation not credible). Because the BIA's proffered reasons for its adverse credibility determination are insufficient, outside corroboration is not required and we must accept Zhu's testimony as true. *See Kaur,* 379 F.3d at 890.

We conclude that Zhu is automatically eligible for asylum based on persecution under China's one child policy. *See Zheng v. Ashcroft,* 397 F.3d 1139, 1148–49 (9th Cir.2005) (citing 8 U.S.C. § 1101(a)(42)). We remand to the BIA to exercise its discretion whether to grant Zhu asylum and to determine if she is eligible for withholding of removal. *See id.*

▮ The BIA did not abuse its discretion by denying Zhu's motion for a continuance because Zhu had several months to prepare for the hearing with her attorney. *See Kashefi–Zihagh v. INS,* 791 F.2d 708, 710–11 (9th Cir.1986). Accordingly, Zhu's due process claim fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (petitioner must show error to prevail on due process claim).

PETITION FOR REVIEW GRANTED in part, DENIED in part; REMANDED.