**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PEATO TOMINIKO and IULIANA TOMINIKO,<br><br>Petitioners,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 11-72870<br><br>Agency Nos.    A097-843-033<br>                  A088-423-717<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

Peato Tominiko and Iuliana Tominiko, natives and citizens of Samoa,

petition for review of an order of the Board of Immigration Appeals ("BIA")

dismissing their appeal from a decision of an immigration judge ("IJ") denying

their motion to continue their removal proceedings. Our jurisdiction is governed

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

by 8 U.S.C. § 1252. We review for abuse of discretion the agency's denial of a motion to continue. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion by denying petitioners' motion to continue so they could seek evidence of U.S. nationality, because petitioners did not demonstrate good cause for a continuance. *See Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011). The agency had already granted petitioners an 11-month continuance for this purpose; petitioners delayed approximately seven months before seeking evidence of U.S. nationality; and petitioners, despite the lengthy prior continuance, provided no evidence to support their claim to U.S. nationality. *See Matter of Hashmi*, 24 I. & N. Dec. 785, 794 (BIA 2009) ("[A] history of continuances . . . , coupled with other relevant factors, may support a decision to move forward with the case."), *cited with approval by Malilia v. Holder*, 632 F.3d 598, 606 (9th Cir. 2011); *see also Kashefi-Zihagh v. INS*, 791 F.2d 708, 711 (9th Cir. 1986) (finding no abuse of discretion from the denial of a continuance where the petitioner had "offered no reason why he was unable to obtain th[e] evidence prior to his hearing").

We lack jurisdiction over petitioners' claim that the denial of a continuance violated their due process rights, because petitioners failed to exhaust this claim

before the BIA.  *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**