**Farouk and Fadwa SANKAR,
Petitioners,**

v.

**IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.**

No. 84–3341.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Jan. 16, 1985.

Decided Jan. 29, 1985.

Henry A. Tesoroni, Tesoroni, LeRoy &
George, Newark, N.J., for petitioners.

Richard K. Willard, Acting Asst. Atty.
Gen., Civ. Div., Lauri Steven Filppu, Depu-
ty Director, Rose Collantes, Hillary B. Bur-
chuk, Charles E. Hamilton, III, Civ. Div.,
Dept. of Justice, Washington, D.C., Alexan-
der Ewing, Jr., Asst. U.S. Atty., Philadel-
phia, Pa., for respondent.

Before HUNTER and HIGGIN-
BOTHAM, Circuit Judges, and KELLY,[*]
District Judge.

**MEMORANDUM OPINION OF
THE COURT**

JAMES HUNTER, III, Circuit Judge:

Petitioners, Farouk and Fadwa Sankar,
appeal to this court from an order of the
Board of Immigration Appeals ("BIA") de-
nying their applications for asylum and
withholding of deportation under 8 U.S.C.
§§ 1158(a) and 1153(h) (1982). In lieu of
deportation, petitioners were granted the
privilege of departing from the United
States voluntarily under 8 U.S.C. § 1254(e)
(1982). The Sankars present one primary
issue for our consideration. They contend
that the BIA evaluated their application for
political asylum under an incorrect stan-
dard. Had the correct burden been ap-
plied, the Sankars believe the BIA would
have decided in their favor. We conclude
that the BIA applied the correct standard
and acted properly in denying petitioners'
requests for asylum.

Farouk and Fadwa Sankar, husband and
wife, are native citizens of Syria, and en-
tered the United States as non-immigrant
visitors. Both concede that they are "de-
portable," Mr. Sankar because he worked
without authorization from the Immigra-
tional and Naturalization ("INS") in viola-
tion of 8 U.S.C. §§ 1251(a)(9) and
1101(a)(15), and Mrs. Sankar because she
remained in the United States longer than
permitted under 8 U.S.C. §§ 1251(a)(2) and
1101(a)(15). The Sankars base their appli-
cations for withholding of deportation and
political asylum on their fears that if they

---

[*] Honorable James McGirr Kelly, United States
District Judge for the Eastern District of Penn-

sylvania, sitting by designation.

return to Syria, Mr. Sankar will be subject to persecution because of his political activities.

Under 8 U.S.C. § 1253(h), the Attorney General may withhold deportation of any alien if he determines "that such alien's life or freedom would be threatened in [his] country on account of race, religion, nationality, membership in a particular social group, or political opinion." The Supreme Court recently construed this statute to impose upon the alien the burden of proving that he or she faces a "clear probability of persecution" if he or she returns. *Immigration and Naturalization Service v. Stevic,* —— U.S. —— 104 S.Ct. 2489, 1501, 81 L.Ed.2d 321 (1984). Under 8 U.S.C. § 1158, the Attorney General in his discretion may grant an alien political asylum if "the Attorney General determines that such alien is a refugee within the meaning of section 1101(a)(42)(A) of this title." To be considered a refugee, the alien must be outside his or her country, be unable or unwilling to return to it and unable or unwilling "to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. § 1101(a)(42)(A).

■ The BIA held, after reviewing all of the Sankars' evidence of persecution, that "petitioner has not shown that he will be persecuted or that he has a well-founded fear of persecution.... Our conclusion as to the petitioners' claim is the same whether we apply a standard of 'clear probability,' 'good reason,' or 'realistic likelihood.' " App. at 4. Both parties to this case recognize that we may overturn the decision of the BIA only if the Board abused its discretion. *See So Chun Chung v. United States Immigration and Naturalization Service,* 602 F.2d 608, 612 (3d Cir.1979) ("the Board's decision ... will be overturned only if it is arbitrary, irrational or contrary to law.") The Sankars, however, contend that the BIA's equation of "well-founded fear" with a standard calling for a

"clear probability," "good reason," or "realistic likelihood" was so contrary to law as to justify our finding that the BIA abused its discretion. We disagree and hold that the BIA acted properly within its discretion.

■ Our court has held unequivocally that the "well-founded fear" standard enunciated in section 1101(a)(42)(A) does not differ from the "clear probability" standard. *Rejaie v. INS,* 691 F.2d 139, 146 (3d Cir.1982); *Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129, 133 (3d Cir.1983). Although the court decided these cases within the context of a section 1153(h) claim for withholding of deportation, the holdings equally apply in the asylum situation and control our decision in this case. *Sotto v. INS,* 748 F.2d 832, 836 (3d Cir.1984). The Sankars attempt to rely on the Supreme Court's opinion in *INS v. Stevic,* —— U.S. ——, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984) for the proposition that *Rejaie* does not apply here. Their reliance is misplaced. The Court there stated explicitly that it did "not decide the meaning of the phrase 'well-founded fear of persecution' which is applicable by the terms of the Act and regulations to requests for discretionary asylum. That issue is not presented by this case." *Id.* 104 S.Ct. at 2501. *Stevic* leaves our prior decisions undisturbed. We hold now that the BIA did not abuse its discretion when it equated a "well-founded fear" with a "clear probability," "good reason," or "realistic likelihood," as opposed to the amorphous "reasonable possibility" standard proposed by the Sankars.

Accordingly, we affirm the decision of the BIA denying withholding of deportation and political asylum to the Sankars and deny the Petition for Review.