**Masoud FARZAD, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 86–4133

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 10, 1986.

Brian K. Bates, Eugenio Cazorla, Dallas, Tex., for appellant.

Robert L. Bombough, Dir., Office of Immigration Litigation, David J. Kline, Atty., Civil Div., Thomas W. Hussey, Atty., Allen W. Hausman, Asst. Dir., Madelyn E. Johnson, Washington, D.C., for appellees.

Ronald Chandler, Dis. Dir., I.N.S., Dallas, Tex., David Lambert, Dis. Dir., I.N.S., New Orleans, La., for other interested parties.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

PER CURIAM:

This case comes before us on a petition for review of a denial of applications for asylum, temporary withholding of deportation, and suspension of deportation by the Immigration and Naturalization Service (INS). Substantial evidence supports the findings of the immigration judge and the Board of Immigration Appeals that petitioner failed to establish either a well-founded fear of persecution or extreme hardship resulting from deportation. The denial of all relief was not an abuse of discretion. We affirm.

The petitioner in this case, Masoud Farzad, is a native and citizen of Iran who entered the United States in 1976 as a nonimmigrant student. In 1982, the INS charged Farzad with failing to comply with the conditions of his nonimmigrant status. After conceding deportability, Farzad applied for asylum [1] in the United States or, in the alternative, suspension of deportation.[2] Finding that Farzad had failed to demonstrate either a well-founded fear of persecution or extreme hardship resulting from deportation, the immigration judge denied both applications. The Board affirmed and dismissed Farzad's appeal.

I.

With regard to the dismissal of his asylum application, Farzad asserts that the Board applied the wrong standard of proof in determining that he did not have a well-founded fear of persecution. He argues that the Board required him to prove that he faced a "clear probability of persecution" standard rather than this Circuit's "reasonable person would fear persecution" standard. He also argues that the Board's determination is not supported by substantial evidence.

We find that the Board's review of Farzad's application for asylum is sufficient to meet the standard of proof this court articulated in *Guevara Flores v. INS*, 786 F.2d 1242, 1249 (5th Cir.1986): whether "a reasonable person in [the alien's] circumstances would fear persecution if she were to be returned to her native country." We also are satisfied that the Board's determination that Farzad did not demonstrate a well-founded fear of persecution is supported by substantial evidence.

---

1. The Attorney General has discretion to grant asylum under section 208(a) of the Immigration and Nationality Act, 8 U.S.C. § 1158(a), to an alien physically present in the United States if the alien meets the statutory definition of a refugee contained in section 101(a)(42)(A): that he is unable or unwilling to return to his native country "because of persecution or a well-founded fear of persecution...." 8 U.S.C. § 1101(a)(42)(A).

2. Section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1), authorizes the Attorney General in his discretion to suspend the deportation of an otherwise deportable alien who has been physically present in the United States for at least seven continuous years, is of good moral character, and who demonstrates that deportation would result in "extreme hardship" to himself or his family.

The record indicates that Farzad is opposed to the present regime in Iran and that he has supported an anti-Khomeini opposition group. He testified that he has attended lectures and films sponsored by this group and that he has taken part in demonstrations. He contends that his political activities have become known to Iranian authorities, through a pro-Khomeini "spy system," which reports the activities of anti-Khomeini students. He bases this contention partly on the fact that his car had been vandalized at a time when other anti-Khomeini students had experienced similar attacks. A police official from his university further supported Farzad's claim of a spy system by testifying as to the antagonism between pro-Khomeini and anti-Khomeini groups on campus. Farzad also claims that correspondence from family members in Iran has been opened. His family has apparently advised him not to return to Iran, and this is an additional reason why he fears for his and his family's safety.

The record does not indicate that Farzad has been identified by Iranian authorities as a political opponent seeking to overthrow the present regime. There is no showing that his political activities are of such significance as to become known to Iranian authorities. He has not been a member of any opposition group, he has received no direct threats from any individuals in the United States, and he admits that his family has not been harassed to his knowledge. That he has attended lectures and demonstrations and that his car has been vandalized, without more, do not establish that his identity as a dissident has become known to Iranian authorities, nor do these facts demonstrate that a reasonable person in Farzad's circumstances would fear persecution if he were to be returned to his native country.

■ Farzad contends that the Board has deliberately obfuscated its continued policy of requiring aliens to show a clear probability of persecution to gain asylum. Pointing to language by the Board which holds that Farzad's proof fails to demonstrate a "clear probability," a "realistic likelihood" and "reasonable possibility," or a "good" or "valid reason to fear" persecution, Farzad asserts that the Board has equated all standards and wrongly applied the most stringent test. We disagree. The Board's application of multiple standards of proof in assessing Farzad's application does not detract from our conclusion that the proof fails to meet our reasonable person test. The Board's position is understandable. The legal question of which standard of proof to apply in determining eligibility for asylum has been in a state of flux since the Supreme Court's decision in *INS v. Stevic*, 467 U.S. 407, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). The Court in Stevic held that an alien is entitled to a withholding of deportation[3] as a matter of right upon a showing of a "clear probability" of persecution. It declined to decide the meaning of the "well-founded fear of persecution" standard which an alien must meet to establish eligibility for asylum, but it did suggest that a moderate interpretation of the standard would require a showing that persecution is a "reasonable possibility." 104 S.Ct. at 2498.

It is clear now in asylum cases this Circuit applies a standard less stringent than "clear probability of persecution." *Guevara Flores*, 786 F.2d at 1249–50. *Accord Bolanos-Hernandez v. INS*, 767 F.2d 1277, 1283 (9th Cir.1984), *Youkhanna v. INS*, 749 F.2d 360, 362 (6th Cir.1984); *Carvajal-Munoz v. INS*, 743 F.2d 562, 574–75 (7th Cir.1984). *But see Sankar v. INS*, 757 F.2d 532 (3d Cir.1985) (finding the standards to be equivalent). Since the courts have not yet agreed on a uniform standard and we find the proper standard was met, we refuse to fault the Board's valid assessment of an alien's application because it also applied a variety of other standards.

---

**3.** Section 243(h) of the Act, 8 U.S.C. § 1253(h). The Board also determined that Farzad failed to establish his eligibility for withholding of deportation. As the burden of proof for such relief is greater than that for asylum, Farzad does not offer any arguments to challenge this conclusion.

The same proof articulated above establishes the Board's determination that Farzad failed to demonstrate a well-founded fear of persecution is supported by substantial evidence.

## II.

Farzad's second contention is that, in assessing his application for suspension of deportation under § 244(a)(1), the Board abused its discretion in refusing to consider his claims of likely persecution in determining whether he had demonstrated that "extreme hardship" would result if he is deported. Farzad cites *Zavola-Bonilla v. INS*, 730 F.2d 562 (9th Cir.1984), in support of this contention.

The Board must consider all relevant factors in making its determination of "extreme hardship." *See Zamora-Garcia v. INS*, 737 F.2d 488, 493 (5th Cir.1984). The Board in this case stated that "political conditions of an alien's native country ... are relevant," and it gave such conditions appropriate consideration.

 The Attorney General and the Board have the power to construe the term "extreme hardship" narrowly. *INS v. Wang*, 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981). *Hernandez-Cordero v. United States INS*, 783 F.2d 1266 (5th Cir. 1986), raises the issue of the extent to which this court may properly review the substance of the Attorney General's determination of "extreme hardship." That opinion has now been vacated and the cause is pending rehearing before the court en banc. 793 F.2d 701 (5th Cir.1986). This panel will of course refrain from deciding that issue. However, we need not delay a decision in the case at bar because even assuming that a complete judicial review should be accorded the determination here, the fact that the Board refused to reconsider the findings it made in rejecting Farzad's claim of persecution when it denied asylum clearly could not be characterized as an abuse of discretion. This court observed in *Youssefinia v. INS*, 784 F.2d 1254, 1262 (5th Cir.1986), that it is not arbitrary or capricious to determine that

"the economic and social difficulties [the alien and his United States citizen child] might suffer from being thrust into Iran's current cultural upheaval do not amount to extreme hardship." *Id.* at 1262. We further note that the latest authority from the Ninth Circuit makes it expressly clear that the Board does not abuse its discretion when it concludes that claims of political persecution have no relation to determining whether "extreme hardship" exists, which would warrant suspension of deportation under § 244(a)(1). *Kashefi-Zihagh v. INS*, 791 F.2d 708 (9th Cir.1986).

The order of the Board, denying Farzad's application for asylum and his request for suspension of deportation, is

**AFFIRMED.**