# MATTER OF D-

## In Deportation Proceedings

## A-24312198

### Decided by Board November 22, 1994

Evidence of general conditions in an alien's homeland may be weighed as a factor in evaluating an application under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (Supp. V 1993), but since Congress has provided asylum and withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h) (1988 & Supp. V 1993), as the appropriate avenues for requesting relief from deportation on the basis of a fear of persecution, allegations and evidence regarding a well-founded fear or clear probability of persecution have no place in a section 212(c) application or adjudication.

CHARGE:

Order: Act of 1952—Sec. 241(a)(4)(B) [8 U.S.C. § 1251(a)(4)(B)]—Convicted of aggravated felony

Sec. 241(a)(11) [8 U.S.C. § 1251(a)(11)]—Convicted of controlled substance violation

ON BEHALF OF RESPONDENT:       ON BEHALF OF SERVICE:
Pro se                                                  Charles Parker, Jr.
                                                              District Counsel

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members; Holmes, Alternate Board Member

In a decision dated September 17, 1993, an immigration judge found the respondent deportable as an alien who has been convicted of a controlled substance violation and an aggravated felony under sections 241(a)(11) and 241(a)(4)(B) of the Immigration and Nationality Act, 8 U.S.C. §§ 1251(a)(11) and 1251(a)(4)(B) (1988).[1] He also denied the respondent's applications for a waiver of inadmissibility

---

[1] These sections of the Act have been revised and redesignated as sections 241(a)(2)(A)(iii) and (B)(i) of the Act, 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B)(i) (Supp. V 1993), by section 602(a) of the Immigration Act of 1990, Pub. L. No. 101-649, 104 Stat. 4978, 5080, but that amendment does not apply to deportation proceedings for which notice has been provided to the alien before March 1, 1991. See section 602(d) of the Immigration Act of 1990, 104 Stat. at 5082.

under section 212(c) of the Act, 8 U.S.C. § 1182(c) (Supp. V 1993), and for asylum and withholding of deportation under sections 208 and 243(h) of the Act, 8 U.S.C. §§ 1158 and 1253(h) (1988 & Supp. V 1993). The immigration judge ordered the respondent deported to his native Cuba. The respondent has appealed. The appeal will be dismissed.

The respondent is a 47-year-old male native and citizen of Cuba. He came to the shores of the United States during the Mariel boatlift of 1980. On or about May 3, 1980, he was apparently placed on immigration parole and was allowed to remain physically present in this country.[2] On August 2, 1982, his status was adjusted to that of a lawful permanent resident of the United States, through issuance of an immigrant visa based on a visa petition filed by his father, a United States citizen. The respondent has two children residing in Cuba and two sisters who are lawful permanent residents of the United States.

On March 30, 1987, the respondent was convicted in the New Jersey Superior Court, Hudson County, New Jersey, of possession of a controlled dangerous substance, to wit, cocaine, in violation of section 2C-35-10a(1) of the New Jersey Statutes. He was sentenced to 4 years' probation. On October 23, 1989, the respondent was convicted in the same court of another commission of the same offense, and in addition, of possession of a controlled dangerous substance (cocaine) with intent to distribute, in violation of sections 2C-35-5a(1) and -5b(1) of the New Jersey Statutes. He pled not guilty but was found guilty after a jury trial. He was sentenced to 15 years in prison, including 5 years without eligibility for parole. The respondent was incarcerated on December 22, 1989, and has now served more than 4 years of his sentence.

On November 27, 1990, the Immigration and Naturalization Service issued the respondent an Order to Show Cause and Notice of Hearing (Form I-221), charging him with deportability as an alien convicted of a controlled substance violation and an aggravated felony. The respondent appeared before the immigration judge and denied that he was properly convicted as alleged. The respondent's denial arose only, however, from his contention that his conviction had been unfair. He did not actually maintain that he had not been convicted. The immigration judge noted the respondent's admissions, observed that the Service had documented his convictions, and properly found him deportable as charged in spite of his protestations of innocence.

---

[2] The Order to Show Cause and Notice of Hearing (Form I-221) alleges inaccurately that the respondent entered as a refugee. As the immigration judge observed, this error regarding the respondent's status upon arrival does not affect his deportability as charged.

*Matter of Danesh,* 19 I&N Dec. 669 (BIA 1988) (observing that for purposes of deportability, the immigration judge cannot go behind the record of conviction to redetermine the alien's guilt or innocence); *Matter of Khalik,* 17 I&N Dec. 518 (BIA 1980) (same). We affirm that the facts underlying the respondent's deportability were established by evidence that was clear, unequivocal, and convincing. *Woodby v. INS,* 385 U.S. 276 (1966).[3]

The respondent filed an application for asylum and withholding of deportation, claiming that he was active in opposing the regime of Fidel Castro and that if returned to Cuba he would be killed. However, the immigration judge pretermitted the respondent's asylum and withholding of deportation requests without comment. While a brief statement of the reason for this pretermission may have been preferable, the immigration judge's conclusion was altogether correct. The respondent is ineligible for asylum and withholding of deportation because he has been convicted of an aggravated felony. *See* sections 208(d) and 243(h)(2) of the Act. The immigration judge also denied the respondent's application for relief under section 212(c) of the Act.

On appeal, the respondent does not contest the immigration judge's finding that he was ineligible for asylum and withholding of deportation. Instead, he argues that the denial of a waiver of inadmissibility under section 212(c) of the Act was erroneous. Specifically, the respondent contends that the immigration judge should have taken into account all the relevant evidence in the record, including affidavits which the respondent submitted in connection with his asylum application, in evaluating his application for relief under section 212(c). We disagree. An application under section 212(c) of the Act is not the appropriate application in which to advance a claim of a well-founded fear of persecution.

A respondent seeking a waiver under section 212(c) may indeed present evidence of hardship, such as conditions in his homeland, as an equity in his favor. Such evidence of hardship will be considered. *Matter of Marin,* 16 I&N Dec. 581 (BIA 1978). However, Congress has provided asylum and withholding of deportation as the appropriate avenues for requesting relief from deportation on the basis of a fear of persecution. *See* sections 208(a) and 243(h) of the Act. In order to establish eligibility for relief under those sections, an alien must satisfy a number of specific procedural and substantive requirements. *See, e.g.,* section 101(a)(42)(A) of the Act, 8 U.S.C. § 1101(a)(42)(A) (1988); *INS v. Cardoza-Fonseca,* 480 U.S. 421 (1987); *INS v. Stevic,* 467 U.S. 407 (1984); *Matter of Mogharrabi,* 19 I&N Dec. 439 (BIA

---

[3]The immigration judge properly noted inaccuracies on the Order to Show Cause which, however, did not affect the determination of deportability.

1987), *modifying Matter of Acosta*, 19 I&N Dec. 211 (BIA 1985); 8 C.F.R. § 208 (1994).

Therefore, any evidence of general conditions in an alien's home-land should be weighed as a factor in evaluating a section 212(c) application, but consideration of that evidence should not include an evaluation of whether the applicant has demonstrated a "well-founded fear" or "clear probability" of persecution, nor whether it is more likely than not that his "life or freedom" would be threatened in his country on account of one of the five grounds specified in the Act. Those are terms of art specific to asylum and withholding of deportation applications and have no place in a section 212(c) application or adjudication. Sections 208(a) and 243(h) of the Act. *INS v. Stevic, supra*. Thus, the immigration judge did not err in the instant case by ignoring the affidavits the respondent submitted in connection with his pretermitted asylum claim.

Our holding regarding this issue is consistent with the caselaw interpreting the suspension of deportation provision under section 244(a) of the Act, 8 U.S.C. § 1254(a) (1988 & Supp. V 1993). Just as a claim of persecution may not be presented in furtherance of a section 212(c) application, as we have concluded here, so a claim of persecution may not be presented as a means of demonstrating extreme hardship for purposes of suspension of deportation under section 244(a) of the Act. *See Gebremichael v. INS*, 10 F.3d 28 (1st Cir. 1993); *Farzad v. INS*, 802 F.2d 123 (5th Cir. 1986); *Kashefi-Zihagh v. INS*, 791 F.2d 708 (9th Cir. 1986); *Sanchez v. INS*, 707 F.2d 1523 (D.C. Cir. 1983); *Hee Yung Ahn v. INS*, 651 F.2d 1285 (9th Cir. 1981); *Matter of Kojoory*, 12 I&N Dec. 215 (BIA 1967); *Matter of Liao*, 11 I&N Dec. 113 (BIA 1965).

Accordingly, upon a review of the record in light of the respondent's argument on appeal, we find no reversible error in the immigration judge's thorough and well-written opinion. We observe that his findings of fact were correct, and that his conclusions of law were proper in light of the statute and the applicable precedents. *See Matter of Hernandez-Casillas*, 20 I&N Dec. 262 (BIA 1990; A.G. 1991) (discussing in detail the complex interpretive history of section 212(c) of the Act), *aff'd*, 983 F.2d 231 (5th Cir. 1993); *Matter of Ramirez-Somera*, 20 I&N Dec. 564 (BIA 1992) (holding that an alien convicted of an aggravated felony and sentenced to at least 5 years in prison remains eligible for relief under section 212(c) of the Act until he has actually served 5 years or more); *see also Tipu v. INS*, 20 F.3d 580 (3d Cir. 1994); *Ayala-Chavez v. INS*, 944 F.2d 638, 641 (9th Cir. 1991) (upholding the Board's "outstanding equities" standard in the case of drug offenders because the immigration laws clearly reflect strong congressional policy against lenient treatment in such cases); *Black-*

*wood v. INS*, 803 F.2d 1165, 1167 (11th Cir. 1986) (same); *Matter of Cerna*, 20 I&N Dec. 399 (BIA 1991), *aff'd*, 979 F.2d 212 (11th Cir. 1992); *Matter of Buscemi*, 19 I&N Dec. 628 (BIA 1988); *Matter of Marin, supra* (setting forth the factors to be considered in the exercise of discretion under section 212(c)).

In view of the foregoing, we adopt the immigration judge's findings of fact and conclusions of law as our own. We add only that the respondent claimed, vaguely and without substantiation, that he "supported" his children in Cuba. We find that this bare and unsupported assertion relating to the respondent's character is of minimal weight at best and does not change the calculus of equities and adverse factors which leads us to conclude, on the basis of all the relevant evidence and for the reasons stated in the immigration judge's decision, that the respondent does not merit the relief he seeks. Consequently, the respondent's appeal is without merit and will be dismissed.

**ORDER:** The appeal is dismissed.