F I L E D
United States Court of Appeals
Tenth Circuit

AUG 1 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

DELFINA ORTIZ DE NOGAL,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9540
(Petition for Review)
(INS No. A73 371 714)

---

ORDER AND JUDGMENT*

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Delfina Ortiz de Nogal petitions this court for review of a final order of deportation by the Board of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1105a(a).[1] Because petitioner has not shown that the BIA abused its discretion in finding that her deportation would not amount to extreme hardship, we affirm the order, and deny the petition for review.

Petitioner, a citizen of Mexico, entered this country illegally in 1986, when she was eighteen years old. She is married to a Mexican citizen. At the time of the hearing, her two American-born children were ages five and three. She and her husband both work and own a trailer free of encumbrances. Petitioner is active in her church, and performs volunteer work for the church. Petitioner has family in both the United States and Mexico -- two brothers and several uncles and cousins live in this country, and her mother and three sisters live in Mexico.

---

[1] The Board of Immigration Appeals issued its final order of deportation on September 30, 1996. On the same day, the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, was enacted, altering the availability, scope, and nature of judicial review in immigration cases. Because petitioner's deportation proceedings commenced before April 1, 1997, and because the final decision of the Immigration and Naturalization Service issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules" apply to this case. See id. §§ 306(c)(1), 309(a), (c)(1) & (4), as amended by Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252. We therefore apply pre-IIRIRA standards.

In August 1994, deportation proceedings were initiated against petitioner. She conceded deportability, but requested suspension of deportation under section 244(a)(1) of the Immigration and Nationality Act. That section, prior to its repeal by IIRIRA, gave the Attorney General discretion to suspend deportation and admit for permanent residence an alien who: (1) had been physically present in the United States for at least seven years; (2) was a person of good moral character; and (3) was "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." 8 U.S.C. § 1254(a)(1) (1996) (now repealed by IIRIRA). After a hearing, the immigration judge found that petitioner failed to demonstrate her deportation would result in extreme hardship to herself, her spouse, or her children. The BIA affirmed, and this petition followed.

We review the Board's determination regarding extreme hardship for an abuse of discretion. See Luna-Rodriguez v. INS, 104 F.3d 313, 315 (10th Cir. 1997). The following nonexclusive factors are relevant to the determination of extreme hardship: "the alien's age; the length of [her] residence in the United States; [her] family ties in the United States and abroad; [her] health; the economic and political conditions in the country to which [she] may be returned; [her] financial status, business, or occupation; the possibility of other means of

-3-

adjustment of status; [her] immigration history; and [her] position in the community.  Id. (quotations omitted).  The BIA's decision will be reversed as an abuse of discretion only "where the hardship is uniquely extreme, at or closely approaching the outer limits of the most severe hardship the alien could suffer and so severe that any reasonable person would necessarily conclude that the hardship is extreme."  Id. (quotations omitted).

Petitioner has not demonstrated this degree of hardship.  The record shows that she is young and healthy; that she lived in Mexico until adulthood; that she has close family ties in Mexico; that her husband is a Mexican citizen; and that her children speak Spanish and are young enough to adjust to a new culture.  Although deportation will cause petitioner and her family economic hardship, this factor alone does not establish "extreme hardship," when considered in combination with the other factors listed above.  See id. (holding that the inability to find work, without more, does not establish BIA abused discretion in finding no extreme hardship, and noting that "[i]t is only when other factors such as advanced age, severe illness, family ties, etc. combine with economic detriment to make deportation extremely hard on the alien or the citizen or permanent resident members of [her] family that Congress has authorized suspension of the deportation order") (quotations omitted).

The decision of the Board of Immigration Appeals is AFFIRMED, and the petition for review is DENIED.

Entered for the Court


Wade Brorby
Circuit Judge