**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 9 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KHOSROW HADJIMEHDIGHOLI,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 96-9543
(Petition for Review)
(No. A 28 484 008)

---

ORDER AND JUDGMENT*

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner seeks review of the decision of the Board of Immigration Appeals denying his motion to reopen. Petitioner, a citizen of Iran, came to the United States on a visitor's visa in April 1988. In September 1988, before his visa expired, he filed an application for asylum with the INS. This application was denied in March 1989, after which the INS began deportation proceedings against petitioner. Petitioner conceded deportability, but requested asylum and withholding of deportation. In September 1989, an immigration judge denied petitioner's requests for asylum and withholding of deportation, finding that petitioner's subjective fear of persecution in Iran was not well-founded. The Board affirmed the decision of the immigration judge in July 1993. Petitioner filed a petition for review with this court, which we denied in March 1995, concluding that "substantial evidence supports the [Board's] finding that [petitioner] failed to provide direct and specific evidence of facts that would support a reasonable fear that he faces persecution on account of any of the grounds enumerated in the Immigration and Nationality Act." Hadjimehdigholi v. INS, 49 F.3d 642, 648 (10th Cir. 1995).

In October 1995, having then resided in the United States seven years, petitioner filed an application for suspension of deportation, as well as a motion to reopen proceedings to consider the application. On September 26, 1996, the

Board issued a decision denying the motion to reopen. Petitioner timely sought review of the Board's decision in this court.[1]

"The [Board] has broad discretion to grant or deny a motion to reopen." Dulane v. INS, 46 F.3d 988, 994 (10th Cir. 1995). The Board may deny a motion to reopen on any of three grounds, one of which is failure to establish a prima facie case of eligibility for the requested relief. See id. Here, the Board determined that petitioner had failed to demonstrate that he would suffer "extreme hardship" if deported, and, therefore, that petitioner failed to establish a prima facie case of eligibility for suspension of deportation. "We review the Board's determination on 'extreme hardship' under the abuse of discretion standard, allowing only limited room for substantive review." Id. Thus, while we may review the Board's determination for procedural regularity, to make sure it actually considered all the relevant hardship factors, we may not "second-guess the weight, if any, to be given any factor." Turri v. INS, 997 F.2d 1306, 1308-09 (10th Cir. 1993). Further, our substantive review of the Board's determination

---

[1]  The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, alters the availability, scope, and nature of judicial review in INS cases. Where, as here, petitioner's deportation proceedings commenced before April 1, 1997, and the final decision of the INS issued before October 31, 1996, neither IIRIRA's permanent "new rules," nor its interim "transitional rules," apply to this case. See id. secs. 306(c)(1), 309(a), (c)(1) & (4), as amended Pub. L. No. 104-302, § 2, 110 Stat. 3657, set out in notes to 8 U.S.C. §§ 1101, 1252.

"would allow us to find an abuse of discretion only in a case where the hardship is uniquely extreme, at or closely approaching the outer limits of the most severe hardship the alien could suffer and so severe that any reasonable person would necessarily conclude that the hardship is extreme." Luna-Rodriguez v. INS, 104 F.3d 313, 315 (10th Cir. 1997) (quotation omitted).

Petitioner contends that the Board abused its discretion by failing to consider several factors relevant to his claim of extreme hardship. First, petitioner contends that the Board erroneously refused to consider evidence relating to the likelihood that petitioner would suffer persecution in Iran. As an initial matter, we note that the Board did not say it would not consider petitioner's evidence, it merely said it would not reevaluate his asylum claim. See Admin. R. at 6. Moreover, numerous courts have held that the Board does not abuse its discretion by refusing to consider evidence relating to political persecution in connection with a claim of extreme hardship. See, e.g., Kuciemba v. INS, 92 F.3d 496, 502 (7th Cir. 1996); Farzad v. INS, 802 F.2d 123, 126 (5th Cir. 1986); Kashefi-Zihagh v. INS, 791 F.2d 708, 710 (9th Cir. 1986).

Next, petitioner contends that the Board abused its discretion by failing to consider evidence that petitioner would suffer extreme psychological harm if returned to Iran. Inasmuch as the Board specifically mentioned this evidence in its decision, see Admin. R. at 2, the record does not support petitioner's

contention that the Board erroneously failed to consider it.  Although petitioner would have us do so, we may not reweigh the evidence presented to the Board on extreme hardship.  See Turri, 997 F.2d at 1308.

Finally, petitioner also argues that the Board abused its discretion by failing to accept as true the facts set forth in the affidavits supporting petitioner's motion to reopen.  See, e.g., Mattis v. United States INS, 774 F.2d 965, 968 (9th Cir. 1985) ("Where factual assertions in affidavits supporting a motion to reopen are specific and not conclusory, . . . the [Board] must accept their truth unless they are inherently incredible.").  Petitioner, however, fails to identify whose affidavit or which statement(s) of specific fact contained therein the Board allegedly discredited.

The decision of the Board of Immigration Appeals is AFFIRMED and the petition for review is DENIED.[2]

Entered for the Court

Wade Brorby
Circuit Judge

---

[2] Because we deny the petition for review, we do not consider the argument of the INS that a remand to the Board would be futile because petitioner would no longer be eligible for suspension of deportation if IIRIRA's new requirements for suspension of deportation (now called "cancellation of removal") were applied to petitioner on remand.