

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2003

# Malik v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 01-1222

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Malik v. Atty Gen USA" (2003). *2003 Decisions.* Paper 655.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/655

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-1222
_____

SHAHZAD MALIK,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA,
Respondent


_____

Appeal from Immigration and Naturalization Service
(Board No. A28 431 758-cv-05455)
_____


Submitted Under Third Circuit LAR 34.1(a)
on March 3, 2003

Before: ROTH, BARRYand FUENTES CIRCUIT JUDGES

(Opinion filed: April 16,  2003)

ROTH, <u>Circuit Judge</u>:

Petitioner Shahzad Malik, a 22-year-old native and citizen of Pakistan, was charged by the Immigration and Naturalization Service (INS) with deportability for overstaying his nonimmigrant visitor's visa. Malik's mother brought him and his siblings to the United States when Malik was six years old. He has remained in this country. At Malik's deportation hearing, the Immigration Judge (IJ) found that Malik's family in Pakistan was feuding with another family, that Malik had a clear probability of being harmed if he returned to Pakistan, and that there might be a reasonable possibility that the Pakistani government would not protect Malik. The IJ granted asylum to Malik but declined to withhold removal. In granting asylum, however, the IJ did not indicate whether Malik's fear of persecution was based on one of the five statutory grounds that qualify a petitioner for asylum.

The INS appealed the decision to the Board of Immigration Appeals (BIA). The INS claimed that Malik feared harm based on a property dispute between two families and that the IJ did not specify which of the five statutory grounds qualified Malik for asylum. The BIA reversed the IJ's grant of asylum on the grounds that Malik had "failed to establish consistent facts on which a reasonable person would fear that the danger arises on account of his membership in a family," and that Malik had failed to provide convincing evidence that "his fear of persecution would exist throughout Pakistan." Malik then filed a petition for

review, contending (1) that the decision of the BIA should be reversed because the Board had overlooked certain facts before it, and alternatively, (2) that we should take judicial notice of the changed circumstances regarding sentiments in Pakistan following September 11, 2001, and (3) that we should consider Malik's claim of ineffective assistance of counsel.

We have jurisdiction to review final orders of removal issued by the BIA pursuant to § 242 (b) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1252 (b).  We review for abuse of discretion the BIA's decision to grant or deny asylum.  *See* Sankar v. INS, 757 F.2d 532, 533 (3d Cir. 1985), *disapproved on other grounds by* INS v. Cardoza-Fonesca, 480 U.S. 421 (1987).  We review for substantial evidence the factual determinations that underlie the BIA's decision to deny asylum.  *See* INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).  "The BIA's determination that [petitioner] was not eligible for asylum must be upheld if 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'"  Id. (citations omitted).

Malik alleges that the BIA erred by failing to find a nexus between the feud in which his family is involved in Pakistan and Malik's fear of persecution on return to the country.[1] He also claims that the BIA's conclusion that Malik failed to demonstrate that he would be

_____

[1]Malik makes much of the fact that the IJ found the witnesses to be credible and the BIA found no reason to disturb that conclusion.  However, as the BIA noted, a finding of credible testimony is not dispositive as to whether asylum should be granted.  The contents of the testimony and other evidence in the record must be considered.  *See* Matter of E-P-, 21 I&N Dec. 860, 862 (BIA 1997).

persecuted throughout the country of Pakistan was "unreasonable."

We conclude that the BIA's determination that Malik was not eligible for asylum was "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Elias-Zacarias, 502 U.S. at 481. While we will reverse the BIA's conclusions if it did not examine the entire record, *see e.g.* Gao v. Ashcroft, 299 F.3d 266 (3d Cir. 2002), there is no requirement that the Board mention all the evidence it considered as long as requisite support is found on the record. *See, e.g.*, Morales v. INS, 208 F.3d 323, 328 (1st Cir. 2000) (if "the Board has given reasoned consideration to the petition, and made adequate findings, we will not require that it address specifically each claim . . . or each piece of evidence the petitioner presented."). Our review of the record demonstrates to us that the BIA did not ignore any substantial evidence as to danger to Malik arising from membership in a social group, *i.e.*, a family, or as to any threat to Malik of prosecution throughout the country of Pakistan.

Malik alternatively requests that we take judicial notice of the changes in Pakistan since September 11, 2001, because certain Taliban members allegedly belong to a sect of Malik's Pashtun tribe. We decline to take judicial notice of these changes. Judicial review of final orders of deportation is limited to the administrative record. *See, e.g.,* 8 U.S.C. § 1252 (a) (4); Fisher v. INS, 79 F.3d 955, 963 (9th Cir. 1996) (*en banc*).

Finally, Malik asks us to consider, from the record before us, his claim of ineffective assistance of counsel; he alternatively requests that we remand this case to the BIA for further testimony. In this regard, Malik alleges that he has filed a yet-undecided contention

with the BIA. We decline either to consider ineffective assistance of counsel from the record or to remand. The doctrine of exhaustion of administrative remedies applies in immigration cases. <u>See</u> <u>Bak v. INS</u>, 682 F.2d 441, 442-43 (3d Cir. 1982). Malik was required to follow the procedures set forth by the BIA and to present this issue to the BIA. He failed to do so. *See* <u>Lozada v. INS</u>, 857 F.2d 10 (1st Cir. 1988).

For the foregoing reasons, we will deny the petition for review of the order of the BIA.

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/a/Jane R. Roth
Circuit Judge