Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Hai Yen WU, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3896–AG NAC.**

United States Court of Appeals, Second Circuit.

April 5, 2006.

Yee Ling Poon (Robert Duk–Hwan Kim, on the brief) New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney, Office of the United States Attorney for the Southern District of New York (Richard E. Rosberger, Sara L. Shudofsky, Assistant United States Attorneys, on the brief), New York, New York, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, and Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Hai Yen Wu, through counsel, petitions for review of the BIA decision affirming

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

the Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA summarily adopts or affirms the IJ's decision without opinion, this Court reviews the decision of the IJ, *see Dong v. Ashcroft,* 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*); *Arango–Aradondo v. INS,* 13 F.3d 610, 613 (2d Cir.1994), applying the substantial evidence standard, *see Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). "[A] finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Id.* (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)). The IJ's " 'administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.' " *Dong,* 406 F.3d at 111 (quoting 8 U.S.C. § 1252(b)(4)(B)). The mere plausibility of a different outcome is not sufficient to justify reversal; rather, this Court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481, n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original).

■ In this case, substantial evidence supports the IJ's determination that Wu did not meet her burden of proving past persecution or a well-founded fear of future persecution on account of her opposition to the Chinese government's coercive population policy. Specifically, the IJ found that Wu was never threatened with sterilization or abortion, and that the sterilization of her mother did not amount to persecution of Wu under section 101(a)(42) of the INA. While in *In re C–Y–Z,* 20 I & N Dec. 915 (BIA 1997), the BIA determined that the forced sterilization or abor-

tion of one spouse is an act of persecution against the other spouse, and that, as a result, the spouses of those directly victimized by coercive family planning policies are *per se* eligible for asylum, just as those directly victimized themselves, this Court has held that such protection does not extend to children whose parents were victimized. *See Shao Yan Chen v. DOJ,* 417 F.3d 303, 305 (2d Cir.2005).

■ There is no evidentiary support for Wu's argument that she established past persecution based on her mother's alleged suicide when she was five years old, which deprived Wu of a relationship with and the care of her mother. In any event, the issue was not presented to the BIA and is therefore not properly before us. *See* 8 U.S.C. § 1252(d)(1); *see also Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (citing *Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004) (stating that a petitioner must "raise issues to the BIA in order to preserve them for judicial review")).

Substantial evidence also supports the IJ's finding that Wu has failed to establish a well-founded fear of future persecution. As explained above, Wu has failed to demonstrate that she has been subjected to past persecution, and therefore she does not enjoy a presumption of future persecution. *See* 8 C.F.R. § 1208.12(b)(1). That determination notwithstanding, the IJ rejected as "too speculative" Wu's claim that she had a well-founded fear of future persecution because she might one day marry and have children. We agree. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004).

Because Wu failed to establish her eligibility for asylum, the IJ properly concluded that she was precluded from satisfying the heavier burden for withholding of removal. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 71 (2d Cir.2004). Furthermore, with regard to the CAT claim, Wu failed to prove that it is more likely than not that

she would be tortured if removed to China, and, therefore, she is not eligible for CAT relief. *See* 8 C.F.R. 208.16(c)(2). The IJ considered all of the proffered evidence and gave the CAT claim "individualized treatment." *Ramsameachire*, 357 F.3d at 186 (internal quotations omitted).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).